BYRNES, Judge.
Defendant was charged by Bill of Information with forcible rape, a violation of La.R.S. 14:42.1. He was found guilty by a 10-2 vote of a twelve person jury and sentenced to 20 years at hard labor. Defendant appeals asking this court to review the record of his conviction for errors patent.
We have done so and find but one error. The record reveals that the trial court failed to state the period during which defendant’s sentence would be without benefit of parole probation or suspension of sentence. La.R.S. 14:42.1 requires that “at least two years of the sentence imposed shall be without benefit of probation, parole or suspension of sentence.” In this case the trial judge’s failure to designate how much of the defendant’s sentence would be without these benefits renders the sentence unlawfully lenient. See State v. Telsee, 425 So.2d 1251 (La.1983). That case involved the same crime as the present case and held that;
By law at least two years of any forcible rape sentence must be without parole, probation or suspension of sentence. La. R.S. 14:42.1. Accordingly, the sentence must be amended to withdraw these benefits for two years of [defendant’s] sentence.”
This ruling has been placed in question by a per curiam opinion of the Supreme Court in State v. Napoli, 437 So.2d 868 (La.1983) where it was held that “when a defendant alone seeks review of a conviction and sentence the Court of Appeal should review only those errors raised by the defendant and any patent errors favorable to the defendant”. However, the opinion in Napoli was a per curiam ruling on a writ application while that in Telsee was the result of a full fledged appeal. We therefore choose to follow Telsee and accordingly amend defendant’s sentence to reflect that the first two years shall be without benefit of parole, probation or suspension of sentence. La.R.S. 14:42.1.
We have also reviewed the record to determine if the evidence against the defendant was sufficient to support a conviction. The victim testified that the defendant took her home after a party and then refused to leave'when she asked him to. When she screamed, the defendant pointed a gun at her and threatened to kill her if she did not keep quiet and cooperate. The victim further testified that after the defendant raped her, he fell asleep and she snuck out of the apartment, went to a friend’s house and called the police. The testimony of the friend corroborated this part of the victim’s story. The officer who arrived at the scene testified that the defendant was found asleep in the victim’s bed with a gun under his pillow. Medical tests confirmed the presence of seminal fluid and spermatoza.
The defendant testified on his own behalf. His version of the incident was that he and the victim had a special relationship and had had sexual relations in the past. He further testified that on the night of the incident in question the victim voluntarily had intercourse with him and had asked him to move in with her. Defendant contends that because he refused the victim fabricated the story of the alleged rape.
The defendant was convicted of forcible rape which is defined as:
“A rape committed when the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim, because the victim is prevented from resisting the act by force or threats of *90 violence under circumstances where the victim believes such resistance would not prevent the rape”. R.S. 14:42.1.
In this case the testimony of the victim was that she was forced to have vaginal sexual intercourse without her consent and that she was prevented from resisting by the threat of force in the form of a gun placed in her mouth and a threat to blow her brains out. The testimony of the defendant was that the victim voluntarily consented to sexual intercourse and that the victim was attempting to frame him for the rape because he refused to move in with her. The jury chose to believe the version of the victim.
We conclude that any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could find all the essential elements of the offense were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
We therefore affirm the defendant’s conviction and amend his sentence to provide that the first two years will be without benefit of parole, probation or suspension of sentence.
AMENDED AND AFFIRMED.