PER CURIAM.
| granted. The trial court erred in granting defendant’s motion to quash and the court of appeal erred in ordering an evidentiary hearing to resolve the question of whether the state may convict and punish defendant in a single proceeding for both crimes alleged in the bill of information.
A defendant may raise a claim of double jeopardy before trial by way of a motion to quash, La.C.Cr.P. art. 532(6), as well as after trial by way of a motion in arrest of judgment. La.C.Cr.P. art. 859(6)(“if not previously urged”). However, when a double jeopardy claim arises in the context of multiple offenses allegedly committed in a single criminal episode involving a single evidentiary nexus and charged in the same bill of information or indictment, and the state has thus made no effort to prosecute the charges seria-tim, and a question arises as to whether the same evidence required to convict a defendant of one offense is also the same evidence required to convict him of the other crime, the court should defer ruling on a motion to quash until trial has fully developed the factual context of a claim 12that prosecution has implicated the double jeopardy prohibition of multiple punishments for the same offense. See Ohio v. Johnson, 467 U.S. 493, 500, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984) (“While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting [a defendant] for such multiple offenses in a single prosecution.”); cf. Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983) (“With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.”). In the event that the evidence at trial supports a claim that defendant has been punished in a single proceeding twice for the same offense, the court may then take appropriate action by granting the motion to quash and vacating the conviction on the less seriously punishable offense. See Ball v. United States, 470 U.S. 856, 861-64, 105 S.Ct. 1668, 1671-73, 84 L.Ed.2d 740 (1985) (“To say that a [defendant] may be prosecuted simultaneously for violation [of separate offenses] ... is not to say that he may be convicted and punished for two offenses .... [T]he only remedy consistent with the [legislative] intent is for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions .... [which alone] is unauthorized punishment for a separate offense.”)(citing Hunter); State v. Dubaz, 468 So.2d 554, 556 (La.1985) (“Where multiple punishment has been erroneously imposed the proper ... procedure is to eliminate the effect of the less severely punishable offense.”).
The rulings below are therefore vacated and this case is remanded to the trial court for further proceedings under the original bill of information.