MAX N. TOBIAS, JR., Judge.
hOn 24 July 2012, the defendant/appel-lee, Henry L. Childs, was charged by bill of information in case number 512-568 with a violation of La. R.S. 14:69 B(l), Illegal Possession of Stolen Things Less than $1500. Following a trial on 28 December 2012, Mr. Childs was found not guilty.[1] On 7 January 2013, the state filed second bill of information charging Mr. Childs again with a violation of La. R.S. 14:69 B(l).[2] That is the present case before us. Mr. Childs entered a plea of not guilty on 24 January 2013, and waived his right to a formal reading of the bill of information; a bond of $1,000 was set. Mr. Childs filed a motion to quash on 23 February 2013, asserting double jeopardy. His motion to quash was granted on 27 March 2013, following a hearing, from which the state now appeals.
According to the record, sometime in calendar year 2009, thousands of dollars of musical equipment were stolen. The state alleges that Mr. Childs was in |2possession of the equipment and later sold the stolen equipment in calendar year 2010, knowing that it was stolen property.
In its sole assignment of error, the state maintains that the trial court erred in granting Henry Child’s motion to quash. For the reasons that follow, we affirm.
I.
The Fifth Amendment to the U.S. Constitution and La. Const. Art. I, § 15 guarantees that no person shall be twice placed in jeopardy for the same offense. This guarantee protects against a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. State v. Smith, 95-0061, p. 3 (La.7/2/96), 676 So.2d 1068, 1069. La.C.Cr.P. art. 596 states:
Double jeopardy exists in a second trial only when the charge in that trial is:
■ (1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
*106 (2)Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
Louisiana courts apply two tests to analyze double jeopardy claims: (1) the Blockburger test, set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 806 (1932), and (2) the “same evidence” test set forth in State v. Steele, 387 So.2d 1175 (La.1980). Under the Blockburger test:
where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.
Blockburger, 284 U.S. at 304, 52 S.Ct. 180, citing Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911).
Under the broader “same evidence” test:
If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial.
Steele, 387 So.2d at 1177, citing State v. Doughty, 379 So.2d 1088 (La.1980).
The same evidence test “considers the actual physical and testimonial evidence necessary to secure a conviction, and concerns itself with the ‘evidential focus’ of the facts adduced at trial in light of the verdict rendered, i.e., how the evidence satisfies the prosecution’s burden of proof.” State v. Williams, 07-0931, p. 5 (La.2/26/08), 978 So.2d 895, 897.
The state begins its argument by defining a motion to quash as defined in State v. Byrd, 96-2302, pp. 18-19 (La.3/13/98), 708 So.2d 401, 411:
A motion to quash is, essentially, a mechanism whereby pre-trial pleas are urged, i.e., pleas which do not go to the merits of the charge. At a hearing on such a motion, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. La.C.Cr.P. art. 531 et. [sic] seq.; State v. Rembert, 312 So.2d 282 (La.1975); State v. Patterson, 301 So.2d 604 (La.1974).
In considering a motion to quash, a court must accept as true the facts contained in the bills of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged; while evidence may be adduced, such may not include a defense on the merits. State v. Gerstenberger, 260 La. 145, 255 So.2d 720 (1971); State v. Masino, 214 La. 744, 750, 38 So.2d 622 (1949) (“the fact that defendants may have a good defense is not sufficient grounds to quash the indictment”).
|4In the case at bar, the state argues that Mr. Childs was acquitted because the trial court erred in requiring that the state prove that the date on the bill of information was the actual date Mr. Childs allegedly possessed stolen equipment. The state maintains that since it failed to prove that specific date, Mr. Childs was found not guilty. The state relies on State v. Hall, 12-0601 (La.6/29/12), 91 So.3d 302, arguing that a hearing must be held in order to determine whether two prosecutions are based on the same evidence and contending that although the Court in Hall addressed double jeopardy for the violation of the constitutional prohibition on multiple punishments for the same offense, the same principles apply in examining multiple prosecutions. The Court in Hall *107 reasoned when “a question arises as to whether the same evidence required to convict a defendant of one offense is also the same evidence required to convict him of the other crime, the court should defer ruling on a motion to quash until trial has fully developed the factual context of a claim that prosecution has implicated the double jeopardy prohibition of multiple punishments for the same offense.” Id., pp. 1-2, 91 So.3d at 303.
The state further maintains that the showing made by Mr. Childs as to the double jeopardy claim was insufficient, arguing that Mr. Childs failed to submit a transcript of the previous trial or any evidence surrounding the facts pertaining to the prosecution. Therefore, the state asserts that in light of United States v. Stricklin, 591 F.2d 1112 (5th Cir.1979), the burden was on Mr. Childs to put forth the evidence on his claim for double jeopardy.
Contrariwise, according to Mr. Childs, the trial court reviewed two records, heard oral argument, and reviewed the written memorandum submitted by the |5parties. Relying on State v. Odom, 02-2698 (La.App. 1 Cir. 6/27/03), 861 So.2d 187, Mr. Childs contends that the state failed to prove that the trial court abused its discretion by granting the motion to quash, and therefore we cannot reverse the trial court. In Odom, the defendant, Robert Odom, the then Commissioner of the Louisiana Department of Agriculture and Forestry, was charged with numerous varying felony offenses. Odom petitioned the court to quash certain parts of his indictment, and on appeal, the court reversed in part and affirmed in part, and reasoned, “[a]n appellate court reviews such a ruling for abuse of discretion.” Odom, p. 6, 861 So.2d at 191. We find Odom applicable to this case only for the law of the standard for appellate review. The fact scenario in Odom was much more complex than the case at bar; further, the law of another circuit court of appeal is only persuasive authority and this court of appeal is not bound thereby.
Mr. Childs also argues that the record reveals that the bills of information in both cases are nearly identical; a difference of only one day exists for the date of the offense; and the police report and item number used in each case are the same. He maintains that the trial court recognized that no legal basis existed, besides forum shopping for another trial court, behind the state charging him one month later for the same offense.
The state cites the trial court’s reasoning for the 28 December 2012 ruling in the prior case:
Defendants are charged with bills of information. This is the charging document. The State has gone to trial today with a defective bill of information charging an incorrect date ... [Fjirst of all, bills of information could say that because that’s what the prosecutor would have it say because the prosecutor fills this out. As the judge, I go by whether they proved this.
UThe State has charged this gentleman with possessing the property on July 10th of 2009, and the State has offered no proof that he possessed the property nor [sic] that he even stole it on July 10th of 2009. They presented no proof on the bill of information. In fact, you will recall I even asked the State, “What was the date? What was the date when Mr. Sanders bought this property from Mr. Childs?” And he [the prosecutor] said October 8th of 2010.
The 7 January 2013 bill of information in the present case charged Mr. Childs with committing. the crime on 11 July 2009. The State subsequently amended the date of the alleged crime from 11 July 2009 to *108 any day between 11 July 2009 through 8 October 2009.
If the district court denied Mr. Childs’ motion to quash, he would be tried again on the same offense in a second trial, which would apparently be double jeopardy under La.C.Cr.P. art. 596.
The offense charged is identical to the offense in the first case. In light of Blockburger, 284 U.S. at 304, 52 S.Ct. 180, and Steele, 387 So.2d at 1177, the evidence needed to convict Mr. Childs of a violation of La. R.S. 14:69 B(1) would be the exact same evidence that was used in the first trial when the district court concluded that Mr. Childs was not guilty. The evidence needed to find Mr. Childs guilty in a second case places Mr. Childs in jeopardy again when the district court has to review the same evidence necessary to convict him of the amended bill of information. Clearly this violates the Fifth Amendment to the U.S. Constitution, La. Const. Art. I, § 15, and La.C.Cr.P. art. 596.
The court in Stricklin, supra, concluded that the burden of proof is on the defendant to prove a claim of double jeopardy. The state was correct in arguing that Stricklin is applicable here; however, Mr. Childs was successful in defending |7his motion to quash by referencing the bill of information in the first case and the amended bill of information, demonstrating that only the date and some wording were changed.
The trial court, looking to La.C.Cr.P. art 468,[3] concluded in the instant case that:
[t]he Court does not believe that the date of the commission of the offense isn’t [sic] essential to this offense, and the Court believes that trying Mr. Childs for this offense again may constitute double jeopardy.
The district court did not abuse its discretion in finding that trying Mr. Childs again on theft of the same merchandise, from the same place, but on a different date constituted double jeopardy.
We find the state seeks to prosecute Mr. Childs for the same offense for which he was found not guilty of in December 2012. Therefore, the trial court did not abuse its discretion in granting Mr. Child’s motion to quash.
Also, we find no merit to the state’s argument that the district court abused its discretion in failing to conduct a hearing pursuant to Hall, supra. Sufficient evidence was before the trial court when it ruled at the 27 March 2013 hearing.
We affirm the ruling of the trial court, granting the motion to quash in favor of Henry L. Childs.
IsAFFIRMED.

. The record on appeal does not contain a transcript of that trial. However, in both the state’s brief and in the state’s response to Mr. Childs' motion to quash, the state quotes the trial court’s reasoning when finding Mr. Childs not guilty in that first case. Noting no objection from Mr. Childs in the record before us, we infer that the quoted statement is accurate.

. The date on the original bill of information was subsequently amended to provide a range of dates.

. La.C.Cr.P. art. 468 states:
The date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense.
If the date or time is not essential to the offense, an indictment shall not be held insufficient if it does not state the proper date or time, or if it states the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day.
All allegations of the indictment and bill of particulars shall be considered as referring to the same date or time, unless otherwise stated.