CRAIN, J.
|2The defendant, Jeffery Staden, was charged by amended bill of information on count one with attempted first degree murder, a violation of Louisiana Revised Statutes 14:30 and 14:27, and on count two with armed robbery, a violation of Louisiana Revised Statute 14:64. He pled not guilty and, following a jury trial, was found guilty on count one of the responsive verdict of aggravated battery, a violation of Louisiana Revised Statute 14:34, and guilty as charged on count two. On count one, the trial court sentenced the defendant to ten years imprisonment at hard labor; and on count two, he was sentenced to fifty years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence, to be served concurrently. The trial court denied the defendant’s motion to reconsider sentence. The defendant now appeals, arguing that his constitutional right against double jeopardy was violated. We affirm the convictions and sentences.
STATEMENT OF FACTS
On December 1, 2009, the defendant and two accomplices entered Alby’s Market & Deli on North Sherwood Forest Boulevard in Baton Rouge. As the defendant approached the counter of a check-cashing station in the store, he pulled a gun from his pocket and pointed it at the employee working behind the counter. The defendant ordered the employee, Sam Tran, to get down on the floor. When Tran failed to immediately comply, the defendant jumped over the counter, hit Tran in the head with the gun, and pushed him to the floor. One perpetrator bound Tran’s wrists and placed a bag over his head; then the perpetrators proceeded to take the cash from the store’s cash registers. After removing all of the cash from the *582 cash registers, the defendant then demanded that Tran disclose the location of more money in the store. When Tran replied that the store had a safe but that it would take ten minutes to open it, the defendant repeated the demand several times |sand shot Tran in the leg. Shortly thereafter, all of the perpetrators exited the store and fled the scene.
ASSIGNMENT OF ERROR
In his sole assignment of error, the defendant asserts that his constitutional guarantee against double jeopardy was violated when he was tried for attempted first degree murder, which included the commission of an armed robbery as an essential element (sometimes referred to herein as “attempted felony murder”), and tried and sentenced for the underlying felony of armed robbery. As a consequence, according to the defendant, he received multiple punishments for the same criminal conduct. Although the defendant did not raise the double jeopardy issue in the trial court, we consider its merits because double jeopardy can be raised at any time. See La.Code Crim. Pro. art. 594; State v. Petitto, 12-1670 (La.App. 1 Cir. 4/26/13), 116 So.3d 761, 772, writ denied, 13-1183 (La.11/22/13), 126 So.3d 477.
The Double Jeopardy Clause of the federal and state constitutions not only prohibits successive trials for the same offense but also protects against multiple punishments for the same offense. See U.S. Const, amend. V; La. Const. art. I, § 15; La.Code Crim. Pro. art. 591; State v. Murray, 00-1258 (La.9/18/01), 799 So.2d 453, 454-55 (per curiam,). The defendant was subjected to only one trial, so he does not contend that his right to be free from multiple trials for the same offense has been violated. Rather, he invokes the Double Jeopardy Clause’s protection against multiple punishments for the same offense.
With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983); State v. Allen, 01-2494 (La.6/21/02), 824 So.2d 344, 345. While the Double Jeopardy Clause may ^protect a defendant against cumulative punishments for convictions on the same offense, it does not prohibit the state from prosecuting a defendant for such multiple offenses in a single prosecution. Ohio v. Johnson, 467 U.S. 493, 500, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425 (1984); State v. Hall, 12-0601 (La.6/29/12), 91 So.3d 302, 303 (per cu-riam). When a question arises as to whether the same evidence required to convict a defendant of one offense is also the same evidence required to convict him of the other crime, the court should defer ruling on a motion to quash until the trial has fully developed the factual context of a claim that the prosecution has implicated the double jeopardy prohibition of multiple punishments for the same offense. Hall, 91 So.3d at 303. In the event that the evidence at trial supports a claim that the defendant has been punished in a single proceeding twice for the same offense, the court may take appropriate action by granting the motion to quash and vacating the conviction on the less seriously punishable offense. Hall, 91 So.3d at 303.
Pursuant to these principles, our courts have recognized that once a defendant is convicted of attempted felony murder, he is punished for the felony which he was perpetrating at the time of the attempted murder, and he cannot be punished a second time for the same offense. See State v. Stewart, 400 So.2d 633, 635 n. *583 4 (La.1981); State v. Cotten, 438 So.2d 1156, 1160 (La.App. 1 Cir.1983), writ denied, 444 So.2d 606 (La.1984), Consequently, convictions for both attempted felony murder and the underlying felony violate the Double Jeopardy Clause of the federal and state constitutions because the multiple convictions subject the defendant to double punishment for the same offense. See Stewart, 400 So.2d at 635 n. 4; Cotten, 438 So.2d at 1161; see also State ex rel. Nirtha v. State, 01-1011 (La.9/13/02), 824 So.2d 1179; State ex rel. Adams v. Butler, 558 So.2d 552, 553 (La.1990).
| .¡Because the defendant was not convicted of attempted first degree murder, we find no merit to his argument that the Double Jeopardy Clause was violated because he was “tried” on charges of attempted first degree felony murder and armed robbery. The prosecution of both charges in a single trial did not violate the prohibition against multiple punishment for the same offense and therefore did not implicate the Double Jeopardy Clause. Only convictions of those charges would have subjected the defendant to the proscribed multiple punishments for the same offense and therefore implicated the Double Jeopardy Clause. See Ohio, 467 U.S. at 500, 104 S.Ct. at 2541; Hall, 91 So.3d at 303.
Although not assigned as error, defense counsel summarily asserts at the conclusion of his brief that the defendant’s “conviction for aggravated battery, a responsive verdict to the charge of attempted first degree murder, and his conviction for armed robbery violate” the Double Jeopardy Clause. This assertion has no merit. In determining whether two offenses constitute the “same offense” for double jeopardy purposes, Louisiana courts have applied two different standards, the “same elements” test set forth in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), and the “same evidence” test. City of Baton Rouge v. Ross, 94-0695 (La.4/28/95), 654 So.2d 1311, 1322. The Blockburger “same elements” test requires a comparison of the elements of the statutes under which a defendant is charged. After the statutory elements are compared, if each statute requires proof of an additional fact which the other does not, then those statutes do not define the same offense for double jeopardy purposes. City of Baton Rouge, 654 So.2d at 1323. The “same evidence” test focuses upon the actual physical and testimonial evidence necessary to secure a conviction. City of Baton Rouge, 654 So.2d at 1322. Under this test, if the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of | fidouble jeopardy. City of Baton Rouge, 654 So.2d at 1322; State v. Steele, 387 So.2d 1175, 1177 (La.1980). The court’s concern is with the “evidential focus” of the facts adduced at trial in light of the verdict rendered, i.e., how the evidence presented satisfies the prosecution’s burden of proof. City of Baton Rouge, 654 So.2d at 1322; State v. Miller, 571 So.2d 603, 606 (La.1990).
Aggravated battery consists of the intentional use of force or violence with a dangerous weapon upon the person of another. See La. R.S. 14:33 and 14:34; State v. Howard, 94-0023 (La.6/3/94), 638 So.2d 216, 217 (per curiam). Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. La. R.S. 14:64A. Under the Blockburger test, each statute requires proof of an element or fact which the other does not. Aggravated battery requires the intention *584 al use of force or violence “upon the person of another,” which is not required for armed robbery; while armed robbery requires “the taking of anything of value ... by use of force or intimidation,” which is not required for aggravated battery. Under the Blockburger test, these statutes do not define the same offense for double jeopardy purposes.
Likewise, applying the same evidence test, we conclude that the state did not rely upon the same evidence to satisfy its burden of proof for both convictions. The evidence demonstrated that the defendant pointed a gun at the victim, struck him on the head, and removed cash from the cash registers. That evidence is sufficient to support the conviction for armed robbery. After removing the cash from the cash registers, the defendant demanded to know the whereabouts of any more money and shot the victim in the leg. That evidence is sufficient to support the conviction for aggravated battery. Rather than being punished twice for the same offense, the evidence showed that two separate crimes occurred which were 17independently proven. An accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating the principle of double jeopardy. State v. Nichols, 387 So.2d 1074, 1078 (La.1976); State v. Steward, 95-1693 (La.App. 1 Cir. 9/27/96), 681 So.2d 1007, 1016. The defendant’s assertion that his convictions for aggravated battery and armed robbery violate the Double Jeopardy Clause has no merit.
CONVICTIONS AND SENTENCES AFFIRMED.
McDONALD, J., concurs.