EDWIN A. LOMBARD, Judge.
Pursuant to State v. Crosby, 338 So.2d 584 (La.1976), the defendant, Leroy Lodge, appeals his conviction for violating La. Rev. Stat. 15:542.1.4, Failure to Notify Change of Address as a Convicted Sex Offender. After review of the record in light of the applicable law and arguments of the parties, the defendant’s conviction is affirmed.

Relevant Facts and Procedural History.

The defendant was convicted in 1983 of forcible rape, a violation of La. Rev. Stat. 14:42.1. State v. Lodge, 447 So.2d 88 (La.App. 4th Cir.1984). He was sentenced to a twenty-year term of imprisonment but was released on parole in 1995, re-incarcerated in 1999 for a probation violation, and final *613 ly released in 2003. Upon release in 2003, the defendant registered as a sex offender pursuant to La. Rev. Stat. 15:540, et seq., which in 2003 required only a ten-year registration period. The defendant continued to register until 2010 but, pursuant to an arrest warrant issued for violating the Sex Offender Registration Law, was arrested. on June 28, 2010 and charged by bill of information (docketed as case no. 502-192) with failing to register as a sex offender, a violation of La. Rev. Stat. 15:542. He was released on bond but, because he was not living at his registered address when hstate troopers performed a compliance check on April 26, 2011, a second arrest warrant was issued on May 18, 2011. Shortly thereafter, a second bill of information was filed (docketed as case no. 508-450, the case at issue in this appeal) charging the defendant with failing to provide notification of a change of address as a registered sex offender, as required by La. Rev. Stat. 15:542.1.2.
The. defendant filed a written motion to quash the bill of information in case no. 502-192. On December 14, 2011, the trial court adopted the motion to quash in case no. 502-192 for this case, no. 508-450, and quashed the bills of information in both cases. State v. Lodge, 2012-0734, p. 3 (La.App. 4 Cir. 5/8/13), 116 So.3d 851, 854. On appeal, this court reversed the trial court, holding that it was not a violation of the ex post facto clause to require the defendant to register in accordance with the current version of La. Rev. Stat. 15:542(B) and (C). Id., p. 9, 116 So.3d at 857. In addition, this court held that the trial court exceeded its discretion by applying the motion to quash filed in case no. 502-192 to this case, no. 508-450. Id., p. 10, 116 So.3d at 858 (citing La.Code Crim. Proc. art. 536 which requires a motion to quash to be in writing). Accordingly, on October 14, 2014, the defendant filed a written' motion to quash the bill of information in this case, no. 508-450, again asserting that the current requirement that sex offenders register for life violated the ex post facto clause.[1] On October 24, 2014, after the trial court denied his motion to quash, the defendant entered a Crosby plea in both cases, reserving his right to appeal. He waived sentencing delays and was sentenced to serve two years at hard labor for each offense, to be served | .-¡concurrently. The defendant timely appeals his conviction in case no.' 508-450, for failing to notify authorities as to his change of address.[2]

Errors Patent Review

The record reveals no errors patent.

Assignment of Error on Appeal

The defendant- argues that the trial court erred in denying his motion to quash the'-bill of information-because the -registration requirement for sex offenders was not ⅛ existence at the time of his guilty plea in 1983 and, because it is punitive in nature, the registration requirement is a violation of the ex post facto clause.

Applicable Law

Article I, § 10 of the U.S. Constitution prohibits states from passing ex post facto laws; Article I, § 23 of the Louisiana Constitution prohibits the enactment of ex post facto laws. See also State ex rel. Olivieri, 2000-0172, 2000-1767 *614 (La.2/21/01), 779 So.2d 735 (analyzing both clauses). Under the federal constitution, four categories of ex post facto laws have been identified: (1) a law making criminal, and subject to punishment, an activity which was innocent when originally done; (2) a law aggravating a crime or making it a greater-crime than it was when originally committed; (3) a law aggravating a crime’s punishment; and (4) a law altering the rules of evidence to require less or different testimony than was required at the time of the commission of the crime. Olivieri, 2000-0172, 2000-1767, p. 11, 779 So.2d at 742 (citation omitted). Thus, the focus of a federal ex post facto inquiry is whether a legislative change “alters the definition of |4criminal conduct or increases the penalty by which a crime is punishable.” Olivieri, 2000-0172, 2000-1767, p. 13, 779 So.2d at 743. Accordingly, “the operative factor in determining whether a law falls within the ambit of the ex post facto clause is whether the law can be considered ‘punishment’ or altered the definition of criminal conduct.” Id. The Louisiana Supreme Court adopted this analysis with regard to the state ex post facto clause, concluding Louisiana’s- sexual offender registration and notification statute “is not so obtrusive that we would find it punitive rather than remedial or regulatory as was the intention of the legislature.” Lodge, 2012-0733, p. 5, 116 So.3d at 855 (citation omitted).
In addition, the Louisiana Supreme Court has also found that “the period of time a sex offender is obligated to register may be extended during the time of his original registration period without violating the ex post facto clause.” Smith v. State, 2010-1140, p. 15 (La.1/24/12), 84 So.3d 487, 497. Specifically, the Louisiana Supreme Court held:
It- is well-settled that Louisiana’s sex offender registration requirements are not punitive, but rather, they are remedial and may be applied retroactively without violating the prohibition of the ex post facto clause. In State ex rel. Olivieri v. State, 00-0172 (La.2/21/01), 779 So.2d 735, this court considered an ex post facto challenge to the sex offender registration provisions. We resolved the issue by holding the registration and notification requirements imposed upon sex offenders to be a legitimate, non-punitive regulatory scheme that did not impose punishment. Id., pp. 19-20, 779 So.2d at 747. Because such provisions were found to be remedial in nature, we concluded that application of the sex offender registration and notification laws to persons convicted before their enactment does not violate ex post facto principles. Id. Similarly, in Smith v. Doe, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2002 [2003]), the United States Supreme Court determined that Alaska’s lifetime registration and notification requirements for sex offenders were non-punitive and, thus, did not violate the ex post facto clause.
⅝ ⅝ ¾* ¾* ⅝> ⅜ ,
After reviewing the foregoing jurisprudence, we find the increase in the number of years Mr. Smith is required to spend as a | ¿registered sex offender is not punishment. Accordingly, applying to Mr. Smith the 1999 amendment to former La.Rev.Stat. 15:542.1 does not violate the ex post facto clause.
Similarly, the amendments and provisions added in 2007 and 2008, as well as the 2006 legislation regarding the placement of a restriction code on the offender’s driver’s license and identification card, are applicable to Mr. Smith without violating the ex post facto clause. As we explained in Olivieri, p. 20, 779 So.2d at 747, the legislative intent behind the registration statutes is to alert *615 the public for the purpose of public safety, a remedial intent, and not to punish convicted sex offenders. We further explained that, while some of the provisions of the registration statutes may be remotely similar to historical forms of punishment, such as public humiliation, the immediate need for public protection was a corollary of, rather than an addendum to, the punishment of sex offenders. Id., pp. 21-22, 779 So.2d at 748. We further recognized that, although the registration statutes imposed the burden of the public and community notification process on convicted sex offenders, which caused them to have to expend money they were not obligated to pay at the time they committed their offenses, the onus placed on them by the legislation did not constitute a separate punishment for their offense, but rather, it imposed a condition of their release on parole or probation. Id., p. 24, 779 So.2d at 749. Therefore, we found that any costs associated with the conditions of their release were a necessary part of the regulatory scheme. Id., pp. 22-24, 779 So.2d at 748-49.
As we did in Olivieri, we find that the sex- offender statutes, as amended in 1999, 2006, 2007, and 2008, to the .extent they are applicable to Mr. Smith, are not so obtrusive as to deem them punitive rather than remedial or regulatory. While the extension for life of the time period for registration, as well as the added requirement of notations on Mr. Smith’s driver’s license or identification card, may be harsh, may impact a sex offender’s life in a long-lived and intense manner, and also be quite burdensome to the sex offender, we do not find them to constitute an infringement of the principles of ex post facto. See Olivieri, p. 24-25, 779 So.2d at 749-50.
Smith, 2010-1140, pp. 15-17, 84 So.3d at 497-499.
Thus, based on established precedents, this court previously found no merit in the defendant’s argument that with regard to his case the registration requirement is punitive and,: therefore, a violation of the ex post facto clause:
In Leroy Lodge’s case, the period of time for registration as a sexual offender pursuant to La. R.S. 15:542 et seq, was extended to a lifetime registration with the appropriate authority and subject to all of the amended requirements of the ' statute. Although the numerous changes to these enhancement provisions may seem harsh and burdensome, we IfiCannot find that they constituted any infringement of the principles of ex post facto. However, while we fully agree that the sexual offender registration statutes serve a paramount governmental interest, we cannot ignore the onerous nature of the ever changing requirements that the legislature has imposed on offenders. The Legislature may just be tweaking the law dangerously close to the level of becoming punitive in nature. Nevertheless, we are in harmony and agreement with the prior jurisprudence on this issue.
Lodge, 2012-0733, pp. 9-10 (La.App. 4 Cir 5/8/13), 116 So.3d 851, 857-858.
Although presented in a different procedural posture, the same issue previously before this court is being raised in this appeal. Specifically, the defendant argued in his motion to quash (filed in case no. 502-192 but applied by the trial judge to both cases) that the State’s prosecution of his failure to register under the pertinent state statute violated the ex post facto clauses of both the state and federal constitutions. Pursuant to the State’s appeal, the defendant argued (as he does in this case), that his prosecution violated the ex post facto clause because, in part, no sexu *616 al offender registration requirement was in existence at the time of his 1983 conviction. Accordingly, the same analysis is applicable and we reach the same conclusion: requiring the defendant to register as a sex offender pursuant to the state statute does not violate the ex post facto principles expressed in the state and federal constitutions. Likewise, the defendant’s obligation to comply with the statutory registration requirements, including notification of a change of address pursuant to La. Rev. Stat. 15:542.1.2, does not constitute a violation of the defendant’s constitutional rights. Accordingly, the defendant’s appeal is without merit.

Conclusion

The defendant’s conviction is affirmed.
AFFIRMED

. In addition, the defendant asserted in his written motion that the prosecution in this case (no. 508-450, failing to notify a change of address) constituted double jeopardy because he is being prosecuted in case no. 502-192 for failing to register as a sex offender. However, the defendant did not brief this issue and does not raise it in this appeal.

. The appeal in case no. 502-192 is pending before this court-, docketed as case no. 2015-KA-0538.