SANDRA CABRINA JENKINS, Judge.
|; Leroy A. Lodge has three prior appeals with this court stemming from his original conviction in 1983 for forcible rape, a violation of La. R.S. 14:42.1, which was affirmed in State v. Lodge, 447 So.2d 88 (La.App. 4th Cir.1984). The most recent opinion, State v. Lodge, 15-0539 (La.App. 4 Cir. 9/23/15), 176 So.3d 612, was rendered while this appeal was pending.[1] This opinion adopts the procedural history, the statement of the case, and findings in State v. Lodge 15-0539.
The sole issue for this court’s review today is defendant’s assertion that the trial court erred in denying his motion to quash. Defendant asserts that trying him for both failure to register as a sex offender, a violation of La. R.S. 15:542 (as charged in case no. 502-192), and failure to periodically renew said registration, a violation of *569 La. R.S. 15:542.1.1 (as charged in case no. 508^50), violates the ^constitutional protections against double jeopardy found in both U.S. Const. Amend. V and La. Const. Art. 1, § 15.
DISCUSSION
Though it is noteworthy that the defendant’s motion to quash in case no. 502-192 is not properly before this Court because it was not presented to the trial court after remand,[2] the issue of double jeopardy has been properly asserted.
The defendant’s plea of guilty to the failure to register as a sex offender, La. R.S. 15:542 pursuant to State v. Crosby, 338 So.2d 584 (La.1976), does not prohibit this Court from addressing double jeopardy. In Crosby, the Court specified that even an unqualified guilty plea does not preclude review of jurisdictional defects, which includes double jeopardy claims. 338 So.2d at 588, see also State v. Roe, 13-1434, pp. 39-40 (La.App. 4 Cir. 10/8/14), 151 So.3d 838, 862 (though double jeopardy claim was not raised at trial, it was reviewable as an error patent); State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990)(addressing double jeopardy in post-conviction proceedings arising out of a guilty plea).
The Fifth Amendment to the U.S. Constitution and La. Const. Art. I, § 15 guarantees that no person shall be placed twice in jeopardy for the same offense. “This guarantee protects against a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense.” State v. Childs, 13-0948, p. 2 (La.App. 4 Cir. 1/15/14), 133 So.3d 104, 105, (citing State v. Smith, 95-0061, p. 3 (La.7/2/96), 676 So.2d 1068, 1069.
La. C.Cr.P. art. 596 specifies:
Double jeopardy exists in a second trial only when the charge in that trial is:
la(l) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
Louisiana Courts use two tests to determine whether double jeopardy exists: 1) the Blockburger test established by Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and 2) the “same evidence test”, established by State v. Steele, 387 So.2d 1175 (La.1980). Childs, 13-0948, p. 2,133 So.3d at 106. Under the Blockburger test:
where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.
Blockburger, 284 U.S. at 304, 52 S.Ct, at 180.
Under the “same evidence test:”
If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence neces *570 sary for conviction, not all the evidence introduced at trial.
Steele, 387 So.2d at 1177.
The same evidence test “considers the actual physical and testimonial evidence necessary to secure a conviction, and concerns itself with the ‘evidential focus’ of the facts adduced at trial in light of the verdict rendered, i.e., how the evidence satisfies the prosecution’s- burden of proof.” State v. Williams, 07-0931, p. 5 (La.2/26/08), 978 So.2d 895, 897 (citing State v. Coody, 448 So.2d 100, 102-03 (La.1984).
| ¿In this case, the defendant is subject to a complicated system of registration and continued updating of information. He asserts that prosecuting him separately for failing to update his registration and failing to update his address violates double jeopardy. After a review of the applicable laws, we do not find that this scheme violates double jeopardy. La. R.S. 15:542 specifies the requirements that sex offenders must register and provide notification, as provided in subsequent statutes. La. R.S. 15:542.1.1 requires periodic renewal of registration. La. R.S. 15:542.1.2 imposes an additional and separate duty on offenders to notify law enforcement of address changes and other information. In this case, the defendant was in violation of La. R.S. 15:42.1.1 when he failed to update his registration on December 3, 2009. He was arrested for this violation on June 28,2010. Apparently, the defendant was released after this arrest, because a May 18, 2011 arrest warrant stated that an April 26, 2011 compliance check showed that he was not living at his registered address. Thus, the defendant was charged with and pled guilty to two separate crimes that were based upon different facts. In the first charge, currently on appeal, the defendant failed to update his registration on December 3, 2009. He was released, and an April 26, 2011 compliance check revealed that the defendant was not living at his registered address, showing that he had failed to inform the proper authorities that he had changed addresses. This failure to inform of his change of address resulted in a second charge. Thus, the defendant committed two separate offenses that are based on different facts that are eriminal-.ized by two different statutes. These separate offenses occurred at two different times that were over a year apart. The offenses the defendant pled guilty to were based upon separate and distinct facts and circumstances, and prosecuting | ¿him for these offenses does not violate double jeopardy under either the Blockburger test or the “same evidence” test.
Accordingly, defendant’s conviction and ■sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED

. State v. Lodge, 12-0734, p. 3 (La.App. 4 Cir. 5/8/13), 116 So.3d 851.