PETTIGREW, J. lain this case, the State'challenges the juvenile court’s dismissal of its petition pursuant to Children’s Code Title VII, art. 730. For the reasons that follow, we find the judgment of dismissal in this matter is not an-appealable judgment and dismiss the appeal. FACTS AND PROCEDURAL HISTORY According to the record, the State filed a petition requesting that T.E. be adjudicated a child of a Family In Need of Services based on T.E. being a truant and ungovernable. The matter proceeded to trial on October 13, 2016, at which time evidence was introduced and the case was submitted for consideration. The juvenile court found that the State failed to prove its case by a preponderance of the evidence and dismissed the State’s petition with prejudice. The State appealed. . When the instant appeal was lodged, a show cause order was issued by this court, noting that there was no written judgment in the record regarding the October 13, 2016 ruling. Counsel for T.E. subsequently filed a motion to dismiss the appeal as untimely because the State failed to timely seek an extension of the return date. On June 7, 2017, the record was supplemented with • a written judgment signed by the juvenile court on May 16, 2017, which dismissed the petition with prejudice. On July 10, 2017, another panel of this court handed down two separate actions in this matter. First, the motion to dismiss the appeal was denied. We note that had this motion been referred to the merits, our decision would have been the same. This court has consistently recognized that appeals are favored in the law. Moreover, the Louisiana Code of Civil Procedure mandates that “[t]he articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.” Petroleum Treaters, Inc. v. Houma Land & Offshore Co., 545 So.2d 1300, 1301 (La. App. 1 Cir. 1989), citing La. Code Civ. P. art. 5051. Louisiana Code of Civil Procedure article 2161 provides, in part, that an appeal shall not be dismissed because of an irregularity, error, or defect unless it is imputable to the appellant. In a separate action, this court maintained the appeal, but preserved for the merits panel the final determination as to whether the appeal should be maintained. Thus, we turn to the merits of the appeal. DISCUSSION On appeal, the State argues that the juvenile court erred as a matter of law in ruling that the State failed to meet its burden of proof. The State contends it was only required to prove the allegations of the petition by a preponderance of the evidence, ie., prove that the allegations of fact are more probable than not. Thus, the State avers this question of law should be reviewed by this court de novo, showing no deference to the findings and reasoning of the juvenile court. In response, T.E. argues this matter is not appealable and the dismissal should be affirmed. Directing this court’s attention to Articles 330 and 331 of the Louisiana Children’s Code, T.E. maintains that black letter law is controlling in this case. We agree with T.E. that this matter is not appealable. Article 330, entitled “Judgments, appeal-able,” provides: A. An appeal may be taken from any final judgment of a court and shall be to the appropriate court of appeal. B. In delinquency proceedings pursuant to Title VIII, child in need of care proceedings pursuant to Title VI, and families in need of services proceedings pursuant to Title VII, an appeal may be taken only after a judgment of disposition. The appeal shall include all errors assigned concerning the adjudication and disposition. Moreover, Article 331(B) provides, “The state may not appeal from a judgment refusing to adjudicate a child to be delinquent or from a judgment of acquittal.” Pursuant to Article 330, families in need of services matters are only appealable after a judgment of disposition. As previously indicated, the State’s petition in this matter was dismissed, with prejudice, by the juvenile court. Thus, there was no disposition in this case, and, as set forth in Article 330, there can be no appeal. T.E. further posits that the dismissal in this case is akin to a judgment of acquittal, which, according to Article 331(B), is also not an appealable judgment. T.E. asserts that any other interpretation would lead to absurd consequences and a violation of the protection against double jeopardy. See U.S. Const. amend. V; La. Const. art. I, § 15; La. Code Crim. P. art. 591; State v. Staden, 2014-0459, p. 3 (La. App. 1 Cir. 9/24/14), 154 So.3d 579, 582, writ denied, 2014-2254 (La. 6/5/15), 171 So.3d 945. The interpretation of any statutory provision starts with the language of the statute itself. Oubre v. Louisiana Citizens Fair Plan, 2011-0097, p. 11 (La. 12/16/11), 79 So.3d 987, 997, cert. denied, 567 U.S. 935, 133 S.Ct. 30, 183 L.Ed.2d 677 (2012). When the provision is clear and unambiguous and its application does not lead to absurd consequences, the language must be given effect, and the provision must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used. La. Civ. Code art. 9; La. R.S. L4.[1] We agree with T.E. that when considering Articles 330 and 331 together, there is no other interpretation that may be attributed to these laws but that in a case such as this, where there is a dismissal of a petition filed pursuant to Title VII of the Louisiana Children’s Code, no appeal lies from said judgment of dismissal. DECREE For the above and foregoing reasons, we dismiss the State’s appeal and assess $426.50 in appeal costs against the State. APPEAL DISMISSED. . According to La. Civ. Code art. 9, "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” Louisiana Revised Statutes 1:4 provides, "When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.”