CRAIN, J.
Roy H. Maughan Jr. and Randy Anny were charged, in relevant part, with forgery under Louisiana Revised Statute 14:72B (counts one, two, and three), and theft of $77,500.00, a violation of Louisiana Revised Statute 14:67A (count four). The trial court, finding a double jeopardy violation, ordered the state to dismiss either count three or four. We vacate the order and remand for further proceedings.
FACTS
Because the matters before us were decided on a motion to dismiss filed before trial, the facts were not fully developed at trial. In counts one through three of the indictment, the state alleges Maughan and Anny submitted forged bids in the names of three companies to secure sewer work from the town of Sorrento. In count four, the state accuses the defendants of theft of $77,500.00. The defendants filed a motion to dismiss either count three or four alleging double jeopardy. The trial court granted the motion, finding the same facts would be necessary to prove all elements of count three and one element of count four.[1] The state contends the ruling is premature. We agree.
DISCUSSION
The Fifth Amendment to the United States Constitution and Article 1, § 15 of the Louisiana Constitution guarantee no person shall be twice placed in jeopardy for the same offense. See also La. Code Crim. P. art. 591. The double jeopardy clause prohibits (1) a second prosecution for the same offense after an acquittal or conviction, and (2) absent legislative expression otherwise, multiple sentences for the same offense. See State v. Frank , 16-1160 (La. 10/18/17), 234 So.3d 27, 30 ; State v. Smith, 95-0061 (La. 7/2/96), 676 So.2d 1068, 1069. Because the defendants *505 have not been previously acquitted or convicted of the charged offenses, their claim of double jeopardy relies on the prohibition against multiple punishments for the same offense. That claim, the state argues, cannot be decided in advance of trial.
The subject case involves a single prosecution of multiple counts arising out of the same operative facts. The supreme court addressed a claim of double jeopardy in State v. Hall , 12-0601 (La. 6/29/12), 91 So.3d 302, 303 (per curiam ), where, like the present case, a defendant was charged with multiple crimes in a single prosecution. Before trial, the trial court granted a motion to quash alleging double jeopardy. Finding the ruling premature, the supreme court reversed, explaining:
A defendant may raise a claim of double jeopardy before trial by way of a motion to quash, as well as after trial by way of a motion in arrest of judgment. However, when a double jeopardy claim arises in the context of multiple offenses allegedly committed in a single criminal episode involving a single evidentiary nexus and charged in the same bill of information or indictment, and the state has thus made no effort to prosecute the charges seriatim, and a question arises as to whether the same evidence required to convict a defendant of one offense is also the same evidence required to convict him of the other crime, the court should defer ruling on a motion to quash until trial has fully developed the factual context of a claim that [the] prosecution has implicated the double jeopardy prohibition of multiple punishments for the same offense. In the event that the evidence at trial supports a claim that defendant has been punished in a single proceeding twice for the same offense, the court may then take appropriate action by granting the motion to quash and vacating the conviction on the less seriously punishable offense.
Hall, 91 So.3d at 303 (citations omitted).
The defendants contend Hall is no longer applicable, because its holding is purportedly based on the "same evidence" test previously used by our courts to determine whether two crimes constitute the "same offense" for purposes of double jeopardy. See State v. Magee, 12-1084 (La. 8/25/14), 146 So.3d 193, 195 (per curiam ). That test was recently rejected by our supreme court in Frank, which recognized the " Blockburger " test as the only standard for determining whether multiple crimes are the same offense. See Frank , 234 So.3d at 33-34 ; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Thus, the argument continues, by rejecting the same evidence test, Frank implicitly overruled Hall. We neither construe Hall so narrowly, nor Frank so broadly.
The holding in Hall is based on the premise that the double jeopardy clause prohibits cumulative punishments for the same offense, a risk that arises only if the defendant is convicted of more than one crime. See Hall, 91 So.3d at 303 ; see also State v. Staden, 14-0459 (La. App. 1 Cir. 9/24/14), 154 So.3d 579, 582, writ denied, 14-2254 (La. 6/5/15), 171 So.3d 945 ; State v. Ancalade, 14-0739 (La. App. 4 Cir. 1/14/15), 158 So.3d 891, 898, writ denied, 15-0375 (La. 1/8/16), 184 So.3d 691. Absent multiple convictions, the double jeopardy clause is not implicated. A determination that depends on the defendant's guilt or innocence of the charged offenses cannot be made prior to trial.
This rationale is not confined to the "same evidence" test, as indicated by the numerous Supreme Court cases cited in Hall that utilized the Blockburger test. See Ohio v. Johnson, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984) ;
*506 Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) ; Ball v. United States, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985). In one of those cases, Ohio v. Johnson, the Supreme Court recognized:
[B]efore respondent can ever be punished for the offenses of murder and aggravated robbery he will first have to be found guilty of those offenses. The trial court's dismissal of these more serious charges did more than simply prevent the imposition of cumulative punishments; it halted completely the proceedings that ultimately would have led to a verdict of guilt or innocence on these more serious charges. Presumably the trial court, in the event of a guilty verdict on the more serious offenses, will have to confront the question of cumulative punishments as a matter of state law, but because of that court's ruling preventing even the trial of the more serious offenses, that stage of the prosecution was never reached. While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution.
Ohio v. Johnson, 467 U.S. at 499-500, 104 S.Ct. at 2541. See also State v. Staden, 154 So.3d at 582 ("While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, it does not prohibit the state from prosecuting a defendant for such multiple offenses in a single prosecution.").
In Frank, consistent with the dictates of Hall, the double jeopardy analysis was made after the defendant was convicted of multiple crimes. See Frank, 234 So.3d at 29. The opinion does not cite Hall, much less suggest any modification or limitation to its holding.
We recognize Louisiana Code of Criminal Procedure article 594 provides double jeopardy "may be raised at any time." That language permits a motion before trial when a defendant has previously been tried, and the state institutes a second prosecution for the same offense. However, as Hall explained, when the state charges a defendant with crimes not previously prosecuted, a determination of double jeopardy cannot be made prior to trial. In that circumstance, there is no risk of double jeopardy until the defendant is convicted of more than one crime. In such cases a claim of double jeopardy must await resolution of the trial. See Hall, 91 So.3d at 303 ; State v. Brooks, 13-0540 (La. App. 4 Cir. 9/18/13), 124 So.3d 1129, 1140. The trial court erred in granting the motion. We vacate the trial court's ruling and remand for further proceedings.[2]
VACATED AND REMANDED.
GUIDRY, J. concurs in the result
PETTIGREW, J. concurs

A motion to quash is the proper mechanism for raising pretrial pleas that do not go to the merits of the charge. See State v. Byrd, 96-2302 (La. 3/13/98), 708 So.2d 401, 411, cert. denied, Peltier v. Louisiana, 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998) ; see also La. Code Crim. Pro. art. 532(6). Although the defendants captioned their pleading as a motion to dismiss, we will treat it as a motion to quash.

We note Louisiana Code of Criminal Procedure article 495.1 permits the trial court to order separate trials, grant a severance of offenses, or provide whatever other relief justice requires if it appears a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information. Although the defendants cited Article 495.1, they have not raised the issue of misjoinder or sought to sever the counts, nor was relief granted on that basis. Therefore, we limit our review to the claim of double jeopardy.