359 So.2d 15 (1978)
EMPIREGAS, INC., OF PENSACOLA, Appellant,
v.
Harvey L. THOMAS, Appellee.
No. II-35.
District Court of Appeal of Florida, First District.
May 26, 1978.
Rehearing Denied June 22, 1978.
Benjamin W. Redding, of Barron, Redding, Boggs & Hughes, Panama City, for appellant.
Charles L. Hoffman, Jr., of Shell, Fleming, Davis & Menge, Pensacola, for appellee.
PER CURIAM.
Appellant contends the trial court erred in failing to enforce a noncompetition clause in an employment agreement between it and appellee. We reluctantly agree and reverse. Section 542.12(2), Florida Statutes (1977), allows an employee to agree with his employer to "refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area." The statute has been upheld by the Florida Supreme Court on several occasions. See Capelouto v. Orkin Exterminating Co. of Fla., Inc., 183 So.2d 532 (Fla. 1966), app. dism. 385 U.S. 11, 87 S.Ct. 78, 17 L.Ed.2d 10; Miller Mechanical, Inc. v. Ruth, 300 So.2d 11 (Fla. 1974). This court, construing the statute in Atlas Travel Service, Inc. v. Moreliy, 98 So.2d 816 (Fla. 1st DCA 1957), stated:
"The permissory language of the statute, whereby agreements of the character in suit `may' in the `discretion' of the court, `be enforced by injunction' does not imply that the court is vested with any absolute or arbitrary discretion, and is construed as requiring that the discretion shall be reasonably exercised to the end that the object of the statute may not be nullified."
With these precedents in mind, it is clear that the trial court abused its discretion here in failing to give effect to the agreement. The proof was sufficient to justify an injunction. We do not find, however, that there was sufficient proof of damages.
The order is therefore REVERSED as to injunctive relief and AFFIRMED as to damages. The case is remanded for the entry of an injunction.
MILLS, Acting C.J., and ERVIN and MELVIN, JJ., concur.