PENZATO, J.
*629 Appellant, Kevin Quatrevingt, appeals a judgment of the trial court sustaining the Appellee/Intervenor's, State of Louisiana, through the Department of Public Safety and Corrections, Public Safety Services, and Office of State Police (DPSC), peremptory exception raising the objection of peremption and dismissing his action with prejudice. For the reasons that follow, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
This matter arises out of an incident wherein Appellant pled guilty on January 24, 2006, in Military Court to one count of conduct prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces under Article 134 of the Uniform Code of Military Justice (UCMJ). The conduct for which Appellant pled guilty arose from possession of child pornography, resulting in his conviction and incarceration for approximately nine months in Texas. He was released on October 21, 2006. Upon his release from incarceration for his military conviction, Appellant was given notice by the federal government of his obligation to register as a sex offender in any state in which he would reside. On October 21, 2006, Appellant returned to Louisiana and was notified by the State that he was required to register as a Tier I sex offender.[1] [2]
Although Appellant claims he complied with the registration system until April 2010, he was arrested in the Parish of St. Tammany on May 7, 2007, for failing to register as a sex offender between November 8, 2006, and May 3, 2007, in violation of La. R.S. 15:542. On November 3, 2008, Appellant pled guilty to the offense in the matter entitled "State of Louisiana v. Kevin Michael Quatrevingt," Docket No. 438897, Div. "E" in the 22nd Judicial District Court for St. Tammany Parish, and was sentenced to serve two years at hard labor.
On April 22, 2010, DPSC, through Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information (Bureau), provided written notice to Appellant that the Bureau had determined that his military conviction was comparable to and would equate to a conviction or adjudication of Possession, Production and/or Distribution of Child Pornography pursuant to La. R.S. 14:81.1. The Bureau explained that pursuant to La. R.S. 15:544 and La. 15:542.1 Appellant was determined to be a Tier II offender which required him to register in Louisiana for a period of twenty-five years from the date of his initial registration and perform in-person registration renewals every six months.[3] The notice set forth the manner *630 in which Appellant could appeal the Bureau's determination by submitting a written request for an administrative hearing pursuant to La. R.S. 49:950 et seq. within one year from the Bureau posting its determination on the State Sex Offender and Child Predator Registry (Registry). The Bureau, which was mandated to maintain the Registry pursuant to La. R.S. 15:578(A)(7), posted its determination as to Appellant on April 22, 2010. Appellant did not submit a request for an administrative appeal.
On June 14, 2010, Appellant was arrested for a second offense of failing to register as a sex offender between May 17, 2010, and June 14, 2010, in the Parish of St. Tammany for violating La. R.S. 15:542 and La. R.S. 15:542.1.4. On October 3, 2013, Appellant filed a motion to quash the prosecution against him in the matter entitled "State of Louisiana v. Kevin Michael Quatrevingt," Docket No. 493,820, Div. "F" in the 22nd Judicial District Court for St. Tammany Parish (22nd JDC criminal case). The trial court conducted a hearing on the motion to quash on February 6, 2014, and granted the motion ruling that the military conviction of Appellant was not comparable to a sex offense in Louisiana. In the trial court's oral ruling it stated, "In examining actually what [Appellant] pled guilty to, [Appellant] pled guilty to it under the general article, not to a specific crime which would annunciate a sex offense."
Following the granting of the motion to quash the prosecution stemming from his June 14, 2010 arrest, Appellant attempted to have his name removed from the Registry and the sex offender label removed from his driver's license. The Bureau refused to remove his name, and Appellant filed in the 22nd JDC criminal case a motion for clarification and request for order for removal from Registry. On July 17, 2014, the trial court determined that it had no jurisdiction to have Appellant's name removed from the Registry and denied relief therein.
On September 16, 2015, Appellant, seeking to have his name removed from the Registry, filed a petition and incorporated memorandum for writ of mandamus and declaratory judgment in the matter entitled "Kevin Quatrevingt v. State of Louisiana," Docket No. 2015-13724, Div. "I" in the 22nd Judicial District Court for St. Tammany Parish (22nd JDC civil case). The State filed several exceptions in the 22nd JDC civil case, and the trial court sustained the exceptions of improper subject matter jurisdiction and improper venue, stating that any concerns regarding the Registry were to be brought in the 19th Judicial District Court. Appellant filed a writ application, which this court denied as to the exception of venue and granted as to the exception of subject matter jurisdiction. The supreme court subsequently denied Appellant's writ.
On January 27, 2017, Appellant filed the subject of the present matter, an "Emergency Petition for Extraordinary Relief in the Nature of a Writ of Mandamus, Temporary Restraining Order, Stay Order, and Preliminary Injunction," in Docket No. 654,843, Div. "23" in the 19th Judicial District Court, Parish of East Baton Rouge. Appellant sought an injunction and requested that a writ of mandamus be issued, directed to the Attorney General, to cease infringing upon his constitutional and codal rights, to enjoin the Attorney *631 General from ignoring the ruling made in the 22nd JDC criminal case, to cease any and all present or future attempt to require him to register as a sex offender, and to cease any and all present or future attempt to arrest him for failing to register as a sex offender or any other sex offender related arrest. The Bureau was not named a party by Appellant, but filed a petition to intervene, which was granted by the trial court.
The State, through the Office of Attorney General, filed "State's Dilatory Exceptions of Nonconformity with Petition Requirements of La. C.C.P. art. 891 ; Unauthorized Use of Summary Proceedings for a Petition for Permanent Injunction; and Improper Cumulation of Summary and Ordinary Proceedings; and Peremptory Exceptions of Peremption; Nonjoinder of an Essential Party Pursuant to La. C.C.P. art. 641 ; and No Cause of Action." The State also filed an "Opposition to Preliminary Injunction and Writ of Mandamus." The Bureau maintained that at the first hearing on February 14, 2017, it adopted the exceptions filed by the Attorney General's Office, and its post-hearing memorandum was filed on behalf of the Bureau, a division of DPSC.
At the April 10, 2017 hearing, the trial court granted the peremptory exception raising the objection of peremption and dismissed Appellant's petition with prejudice. The Appellant filed a motion to reconsider with the trial court on April 12, 2017, which the trial court denied. The trial court signed a judgment in accordance with its oral ruling on May 2, 2017. It is from this judgment that Appellant appeals.
ASSIGNMENT OF ERRORS
Appellant claims that the trial court committed the following errors: (1) failing to treat this matter as a writ of mandamus pursuant to La. R.S. 15:544.1 and instead treating it as an appeal of either DPSC's 2010 determination or an appeal by the DPSC of the 2014 ruling of the 22nd JDC criminal case; (2) granting the peremptory exception raising the objection of peremption; (3) failing to apply the doctrine of res judicata; and (4) failing to issue a writ of mandamus to order DPSC to remove him from the Registry.
STANDARD OF REVIEW
A judgment granting a peremptory exception is generally reviewed de novo, because the exception raises a legal question. Metairie III v. Poche' Const., Inc., 2010-0353 (La. App. 4 Cir. 9/29/10), 49 So.3d 446, 449, writ denied , 2010-2436 (La. 9/16/11), 69 So.3d 1138. However, when exceptions of prescription or peremption have evidence introduced at a hearing, the trial court's finding of fact on the issue is subject to the manifest error standard of review. Lomont v. Bennett , 2014-2483 (La. 6/30/15), 172 So.3d 620, 627, cert. denied , --- U.S. ----, 136 S.Ct. 1167, 194 L.Ed.2d 178 (2016) ; Southern Ins. Co. v. Metal Depot , 2010-1899 (La. App. 1 Cir. 6/10/11), 70 So.3d 922, 925, writ denied , 2011-1763 (La. 10/14/11), 74 So.3d 215. Thus, if the trial court's findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Lomont , 172 So.3d at 627 ; Stobart v. State through Dept. of Transp. and Dev. , 617 So.2d 880, 882-83 (La. 1993).
LAW AND DISCUSSION
Peremption is a period of time fixed by law for the existence of a right. The right is extinguished upon the expiration of the peremptive period. La. C.C. art. 3458. When the peremptive period has run, *632 the cause of action itself is extinguished unless timely exercised. State Through Div. of Admin. v. McInnis Bros. Const. , 97-0742 (La. 10/21/97), 701 So.2d 937, 939. Peremption may not be renounced, interrupted, or suspended. La. C.C. art. 3461.
Peremption is considered a peremptory exception. La. C.C.P. art. 927(A)(2). Public policy requires that rights to which peremption periods attach are to be extinguished after passage of a specified period. Robinson v. Wayne and Beverly Papania and Pyrenees Investments, LLC , 2015-1354 (La. App. 1 Cir. 10/31/16), 207 So.3d 566, 580. Additionally, a peremptive statute totally destroys or extinguishes the previously existing right with the result that, upon expiration of the prescribed period, a cause of action or substantive right no longer exists to be enforced. See Borel v. Young , 2007-0419 (La. 11/27/07), 989 So.2d 42, 49 ; Pounds v. Schori , 377 So.2d 1195, 1198 (La. 1979), superseded by statute on other grounds , La. Acts 2005, No. 192, § 1, as recognized in, Pociask v. Moseley , 2013-0262 (La. 6/28/13), 122 So.3d 533, 539. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. Carter v. Haygood , 2004-0646 (La. 1/19/05), 892 So.2d 1261, 1267. Peremption has been likened to prescription; namely, it is prescription that is not subject to interruption or suspension. Straub v. Richardson , 2011-1689 (La. App. 1 Cir. 5/2/12), 92 So.3d 548, 552, writ denied , 2012-1212 (La. 9/21/12), 98 So.3d 341, cert. denied, 569 U.S. 918, 133 S.Ct. 1805, 185 L.Ed.2d 811 (2013). As such, the rules governing the burden of proof as to prescription apply to peremption. Id.
Attached to Appellant's petition are several exhibits, including: (1) the April 22, 2010 letter informing Appellant of his need to register as a Tier II offender and the procedure for an appeal of this classification; (2) a September 13, 2010 bill of information from the 22nd JDC for the Parish of St. Tammany, charging Appellant with failure to register as a sex offender from May 17, 2010, through June 14, 2010; (3) a motion to quash dated October 3, 2013, filed by Appellant in the 22nd JDC criminal case; (4) the minutes of the trial court dated February 6, 2014, in the 22nd JDC criminal case; and (5) a partial transcript of the proceedings in the 22nd JDC criminal case on February 6, 2014, which contain the trial court's oral ruling.
In support of its exception of preemption, DPSC introduced the affidavit of Emily Bishop, a criminal record analyst with the Bureau. Ms. Bishop stated that the Bureau's determination that Appellant was to register and notify as a sex offender for twenty-five years was posted on the Registry on April 22, 2010. She also stated that the records of the Bureau reflected that Appellant did not submit a request for administrative appeal. DPSC also introduced documents attached to a previous writ application filed by Appellant.
As part of its oral reasons for judgment, the trial court thoroughly discussed the chronology of the case making the following observations and factual findings. The trial court determined that on January 24, 2006, Appellant pled guilty to one count of conduct prejudicial to the good order under Article 134 UCMJ for wrongfully and knowingly possessing visual depictions of minors engaging in sexually explicit conduct in Military Docket No. 0504531517. He was sentenced to confinement and notified of his obligation to register as a sex offender upon release. On October 21, 2006, Appellant established his residence in Louisiana. The Bureau notified him of his obligation to register as a Tier I sex offender. He failed to register and pled guilty on November 3, 2008, in Docket No. 438,897 in the 22nd Judicial District Court, *633 Parish of St. Tammany, for failing to register as a sex offender for the time period of November 8, 2006, through May 5, 2007, pursuant to La. R.S. 15:542 and was sentenced to two years imprisonment. On April 22, 2010, the Bureau sent notice to Appellant that under La. R.S. 15:542.1.3(B) his military conviction was comparable to La. R.S. 14:81.1, pornography involving juveniles, that he was required to register for twenty-five years with semi-annual reviews, and that he had one year to appeal this determination pursuant to La. R.S. 49:964 in the 19th Judicial District Court. Appellant acknowledged receipt of this notification, but did not appeal this determination. He was charged again with failure to register as a sex offender from May 17, 2010, to June 14, 2010, in the 22nd JDC criminal case. Approximately three years later on October 3, 2013, Appellant filed a motion to quash in that matter arguing that he had no duty to register. On February 6, 2014, the trial court in the 22nd JDC criminal case granted the motion to quash.[4] The trial court in that case stated that Appellant pled under the general article 134, not to a specific crime which would enunciate a sex offense, and dismissed the criminal charges. Subsequently, Appellant filed in the 22nd JDC criminal case a motion for clarification and removal from the Registry. On July 17, 2014, the trial court determined that it had no subject matter jurisdiction to determine that Appellant had no duty to register or remove Appellant from the Registry. On January 27, 2017, Appellant filed the instant action for mandamus and injunctive relief in the 19th JDC, seeking to be removed from the Registry and claiming he had no duty to register as a sex offender.
After reviewing the entirety of the record, we find no manifest error in the factual findings of the trial court. Therefore, we must decide if the trial court was legally correct in ruling that the Bureau is not bound by the 22nd JDC criminal case ruling and whether the Bureau must remove Appellant from the Registry.
Granting of Exception Raising the Objection of Peremption
Louisiana's sex offender registration and notification provisions (commonly referred to as "Louisiana's Megan's Law")[5] were originally enacted in 1992 and are found in La. R.S. 15:540, et seq. See 1992 La. Acts, No. 388, § 1. At that time, La. R.S. 15:542(A) provided "[a]ny adult residing in this state who has pled guilty or has been convicted of any sex offense shall register with the sheriff of the parish of the person's residence." Moreover, "sex offense" for the purpose of registration and notification was defined in La. R.S. 15:542(E) as "a violation of any provision of Subpart C of Part II, Subpart B of Part IV, or Subpart A(1) or A(4) of Part V, of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950." At that time, La. R.S. 14:81.1 *634 (pornography involving juveniles) constituted a "sex offense" as defined by La. R.S. 15:542(E) as it was included in Subpart A(1) of Part V, of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950.
When Appellant was convicted in 2006, La. R.S. 15:542(A)(1) provided that "[a]ny adult residing in this state who has pled guilty to, has been convicted of, or where adjudication has been deferred or withheld for the perpetration or attempted perpetration of any sex offense ... shall register with the sheriff of the parish of the person's residence." At the time of Appellant's conviction, "sex offense" for the purposes of registration and notification included a conviction for a violation of La. R.S. 14:81.1 (pornography involving juveniles).[6]
The sex offender registration and notification requirements "are mandatory and shall not be waived or suspended by any court." La. R.S. 15:542(F)(1). Any person who is convicted or adjudicated of an offense under the laws of another state, or military, territorial, foreign, tribal, or federal law for which La. R.S. 15:542 requires registration is compelled to comply with the those requirements. La. R.S. 15:542.1.3(A). Pursuant to La. R.S. 15:542.1.3(B)(2), the Bureau is mandated with determining the appropriate "time period of registration under the provisions of [La.] R.S. 15:544 and the frequency of in-person periodic renewals under the provisions of [La.] R.S. 15:542.1." The determination made by the Bureau "shall be based on a comparison of the elements of the offense of conviction or adjudication with the elements of the most comparable Louisiana offense. The bureau shall post this official notification on the state sex offender and child predator registry." La. R.S. 1542.1.3(B)(2). Therefore, the Bureau is statutorily obligated to review the elements of an offender's non-Louisiana conviction and determine the most comparable Louisiana offense. If the most comparable Louisiana offense requires registration and notification as a sex offender in Louisiana, the out-of-state offender is required to register and notify in Louisiana.[7]
Once the determination by the Bureau is made, the offender may contest that determination pursuant to La. R.S. 15:542.1.3(B)(4), which provides:
Any offender convicted or adjudicated under the laws of another state, or military, territorial, foreign, tribal, or federal law who establishes a residence in this state and is required to register and notify pursuant to the provisions of this Chapter may appeal the
[B]ureau's determination of the applicable time period of registration and frequency of in-person periodic renewals through an administrative hearing as provided in R.S. 49:950 et seq. The offender shall have one year from the date that the [B]ureau posted its determination on the *635 [R]egistry to appeal. The duty to register and notify according to the determination of the [B]ureau made pursuant to the provisions of this Subsection shall be binding and shall not be suspended or stayed pending appeal of the classification of the offender.
A sex offender with a non-Louisiana conviction has one year from the date the Bureau posts its determination on the Registry to appeal with the Division of Administrative Law. The Louisiana Administrative Procedure Act sets forth the procedure for an offender to follow to appeal the Bureau's determination. Louisiana Revised Statutes 49:964(A)(1) provides:
Except as provided in R.S. 15:1171 through 1177, a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter whether or not he has applied to the agency for rehearing, without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy and would inflict irreparable injury.
Louisiana Revised Statutes 49:964(B) provides that an aggrieved party may file a petition for judicial review in the district court of the parish in which the agency is located, in this matter in the 19th Judicial District Court of East Baton Rouge.
The evidence before the trial court was that the Appellant did not file an appeal of the Bureau's determination within one year even though he was notified of his right to do so. Therefore, the Appellant never sought judicial review pursuant to La. R.S. 49:964. Ms. Bishop's affidavit clearly sets forth that the Bureau's determination that Appellant was to register and notify as a sex offender for twenty-five years was posted on the Registry on April 22, 2010. The affidavit further established that Appellant did not submit a request for administrative appeal as required by La. R.S. 156:542.1.3(B)(4).
The trial court properly applied the applicable rules of peremption in determining that Appellant's time period in which to appeal the Bureau's determination pursuant to La. R.S. 15:542.1.3 expired and his right to challenge the Bureau's determination extinguished. "With peremptive statutes, after the limit of time expires, the cause of action no longer exists; it is lost." Jackson v. Myer , 2010-2108 (La. App. 1 Cir. 11/19/10), 52 So.3d 271, 273. Public policy requires that rights to which peremptive periods attach are extinguished after passage of a specific period of time, and accordingly, nothing may interfere with the running of a peremptive period. The peremptive period may not be interrupted or suspended or renounced, and exceptions such as contra non valentem are not applicable. Borel , 989 So.2d at 49.
The evidence introduced in the record is that Appellant did not administratively appeal the Bureau's determination within the one year peremptive period provided by La. R.S. 15:542.1.3(B)(4). The right to challenge the classification determination was lost and his right was extinguished. Therefore, the trial court's granting of the peremptory exception raising the objection of peremption filed by DPSC was correct.
Original Jurisdiction of Trial Court
Appellant also assigned as error that the trial court failed to treat this matter as a writ of mandamus pursuant to La. R.S. 15:544.1 and instead treated it as an appeal of either DPSC's 2010 determination that his military conviction was equivalent to a *636 Tier II sex offender in Louisiana or an appeal by the DPSC of the 2014 ruling of the 22nd JDC criminal case.
The review provisions of La. R.S. 15:542.1.3(B)(4) are authorized by La. Const. art. V, § 16 (B), which states that "[a] district court shall have appellate jurisdiction as provided by law." Judicial review of the decision of an administrative agency is an exercise of a court's appellate jurisdiction pursuant to La. Const. art. V, § 16 (B). On the other hand, district courts are granted original jurisdiction in all civil matters by La. Const. art. V, § 16 (A). This grant of original jurisdiction refers to judicial adjudications in the first instance and "designates the adjudicative tribunal in which the initial adjudication is made;" it does not refer to judicial review of decisions of administrative agencies. Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Bd. , 2001-0185 (La. 10/16/01), 797 So.2d 656, 660, quoting In re American Waste & Pollution Control , 588 So.2d 367, 372 (La. 1991). Therefore, for the purpose of judicial review of administrative actions, district courts are courts of limited jurisdiction and only have appellate jurisdiction to review administrative decisions as provided by the legislature or constitution. Id ., citing Loop, Inc. v. Collector of Revenue , 523 So.2d 201, 203 (La. 1987). Additionally, the existence of a specific statutory procedure generally implies a legislative intent that the special statutory procedure be the exclusive means of obtaining judicial review in the situations to which it applies. Id.
The trial court in the present case was not exercising its appellate jurisdiction. Examining the petition, we note that Appellant does not request the trial court to overturn the determination of the Bureau. The trial court was not judicially reviewing the decision of an administrative agency. Appellant's petition seeks to enforce an earlier ruling obtained in the 22nd JDC criminal case. The transcript of the trial court's hearing in this case reflects that evidence was admitted into the record. A court may not receive evidence when sitting as an appellate court. Metro Riverboat Assocs. , 797 So.2d at 661. The trial court was acting as a court of original jurisdiction in receiving evidence.
Appellant argues that even if he may have "ceded his 'right' to appeal the length of time and frequency of in-person periodic renewals," a trial court (the 22nd JDC) could still determine whether his military conviction was equivalent to a sex offense. He further claims that La. R.S. 15:542.1.3 allows the Bureau to determine "the time period of registration under the provisions of R.S. 15:544 and the frequency of in-person periodic renewals under the provisions of R.S. 15:542." However, he claims that La. R.S. 15:544.1 authorizes his suit without any time constraints as to peremption and prescription.
Appellant's arguments as to La. R.S. 15:544.1 are inapposite. Louisiana Revised Statutes 15:544.1 is a venue provision when an injunction or declaratory relief is sought. At the time the petition in this matter was filed, La. R.S. 15:544.1 provided:
Any petition for injunctive relief or for declaratory judgment regarding the registration and notification requirements of this Chapter as they apply to a particular offender convicted of or adjudicated delinquent for a sex offense as defined in [La.] R.S. 15:541 or a criminal offense against a victim who is a minor as defined in [La.] R.S. 15:541, regardless of the date of conviction, which are based on theories of relief or grounds not specifically provided for in the provisions of this Chapter, shall be filed through ordinary civil proceedings by the offender, *637 the state, the Department of Public Safety and Corrections, office of state police, or the office of the attorney general, in the district court for the parish where the state capitol is situated.
Louisiana Revised Statutes 15:544.1 provides for the procedure and venue for petitions for removal from the Registry when the cause of action for removal is not based upon a cause of action specifically provided for elsewhere in the registrations and notification statutes. For instance La. R.S. 15:544(E)(1) permits the reduction of a fifteen year registration period to ten years if the sex offender maintains a clean record for ten years upon motion of the sex offender. Louisiana Revised Statutes 15:544(E)(2) permits the reduction of a lifetime registration period to twenty-five years if the sex offender maintains a clean record for twenty-five years upon motion of the sex offender.
Louisiana Revised Statutes 15:544.1 does not revive Appellant's extinguished cause of action to challenge to his obligation to register and notify that should have been timely brought pursuant to La. R.S. 15:542.1.3.[8] The trial court in the present matter was exercising its original jurisdiction in granting the peremptory exception raising the objection of peremption and La. R.S. 15:544.1 did not forbid the trial court from doing so.
Res Judicata
Appellant claims the peremptory exception raising the objection of peremption should not have been granted because the ruling in the 22nd JDC criminal case is res judicata, and that the Bureau must comply with it by removing his name from the Registry. Appellant asserts that since the state did not appeal the motion to quash ruling in the 22nd JDC criminal case, it is bound by the ruling of that court that he was not required to register as a sex offender.
The doctrine of res judicata is set forth in La. R.S. 13:4231 and provides, in pertinent part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
* * *
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
The jurisprudence interpreting La. R.S. 13:4231 has established five elements that must be satisfied for a finding that a second suit is precluded by res judicata: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.
*638 Chevron U.S.A., Inc. v. State , 2007-2469 (La. 9/8/08), 993 So.2d 187, 194 ; Burguieres v. Pollingue , 2002-1385 (La. 2/25/03), 843 So.2d 1049, 1053. The res judicata effect of a prior judgment is a question of law that is reviewed de novo. Matherne v. TWH Holdings, LLC , 2012-1878 (La. App. 1 Cir. 12/6/13), 136 So.3d 854, 861, writ denied , 2014-0854 (La. 6/20/14), 141 So.3d 810.
In Adams v. State, Dep't of Health & Human Res. , 458 So.2d 1295 (La. 1984), an owner and manufacturer of individual sewage treatment plants brought an action against the state challenging the sanitary code. Adams contended that because the criminal provisions of the sanitary code were declared unconstitutional by the district court in a prior criminal proceeding in which he was the defendant, the civil suit was res judicata. Under the statutory law,[9] in order for an issue to be res judicata, the thing demanded must be the same, the cause of action must be the same, and the parties must be the same. Adams , 458 So.2d at 1300-01, citing R.G. Claitor's Realty v. Juban , 391 So.2d 394 (La. 1980) ; Welch v. Crown Zellerbach Corporation , 359 So.2d 154 (La. 1978). The supreme court in Adams noted that in the prior suit, the thing demanded was criminal sanctions. In the suit before the court, the state sought to enjoin Adams from selling sewage treatment systems without first obtaining a valid permit, which was a civil sanction. Since the thing demanded was not identical in both suits, the civil suit was not precluded by the doctrine of res judicata. Adams , 458 So.2d at 1301. Additionally, an acquittal on a criminal charge is not a bar to a civil action. Id. , citing City of New Orleans v. Lafon , 61 So.2d 270 (La. App. 1952) ; O.D. Jennings and Company v. Maestri , 97 F.2d 679 (5th Cir. 1938).
We also note that in Millsap v. Cain , 2009-0511 (La. App. 1 Cir. 10/23/09), 2009 WL 3452891, at *3 (unpublished), this court stated:
While the res judicata statute, [La.] R.S. 13:4231, does preclude subsequent litigation of causes of action arising out of the transaction or occurrence that was the subject matter of prior litigation and precludes relitigation of issues actually litigated and determined, these prohibitions apply only where the prior valid and final judgment was rendered between the same parties.See Foley v. Entergy Louisiana, Inc. , 2006-0983 (La. 11/29/06), 946 So.2d 144, 156 n.4, and Five N Company, L.L.C. v. Stewart , 2002-0181 (La. App. 1st Cir. 7/2/03), 850 So.2d 51, 61-62. (Emphasis in original).
We found that the plaintiff had failed to establish identity of the parties in his criminal prosecution, where the party opposing him was the District Attorney for East Baton Rouge Parish, and in the civil dispute the party opposing him was the DPSC, which involved the purely civil function of computing or calculating the time plaintiff served on his sentence. Therefore, the doctrine of res judicata did not preclude the DPSC from considering the time periods when plaintiff was out of custody in computing the time he has served toward his sentence.
In the present matter, the thing demanded in the 22nd JDC criminal case was a criminal sanction, while Appellant seeks a civil sanction against DPSC. As the things demanded are not identical in both suits, the civil suit is not precluded by the doctrine of res judicata. Additionally, the Appellant has failed to establish the identity of the parties, where the party opposing him in the 22nd JDC criminal case was the District Attorney for St.
*639 Tammany Parish, and the opposing party in the instant civil case is DPSC. Therefore, the doctrine of res judicata does not apply to this matter.
Writ of Mandamus
Appellant also asserts that the trial court erred in not issuing a writ of mandamus to order DPSC to remove him from the Registry so that law enforcement agencies will not continue to arrest him. He argues that double jeopardy and collateral estoppel act to prevent DPSC from not complying with the ruling in the 22nd JDC criminal case.
The 22nd JDC criminal case was decided upon the evidence presented in that matter and concluded only the criminal case pending before the court. The sex offender registration and notification statutes are a civil regulatory scheme administered and maintained independent of any criminal case arising as a result of failing to comply with that scheme. See State ex rel. William Olivieri v. State of Louisiana , 2000-0172 (La. 2/21/01), 779 So.2d 735, 749. Thus, the defendant's argument as to the applicability of the doctrine of double jeopardy is misplaced in this court. See Holmes v. Louisiana State Bd. of Nursing , 2013-2154 (La. App. 1 Cir. 8/5/14), 156 So.3d 183, 189, writ denied , 2014-1886 (La. 11/14/14), 152 So.3d 885 ; see also Grantt Guillory Enterprises, Inc. v. Quebedeaux , 2012-931 (La. App. 3 Cir. 2/6/13), 110 So.3d 182, 186 (prohibition against double jeopardy does not apply to a suit which is a civil case and not a criminal prosecution). Further, two prosecutions for the same crime involving different offense dates do not invoke a double jeopardy violation. See State v. Lodge , 2015-0538 (La. App. 4 Cir. 5/25/16), 195 So.3d 567, 570, writ denied , 2016-1276 (La. 4/24/17), 221 So.3d 68 ; see also, State v. Ball , 2016-653 (La. App. 3 Cir. 12/7/16), 209 So.3d 793, 816, writ denied , 2017-0045 (La. 9/22/17), 227 So.3d 825.
Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." State v. Cotton , 2000-0850 (La. 1/29/01), 778 So.2d 569, 573, quoting Ashe v. Swenson , 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). Louisiana Revised Statutes 13:4231 embraces the broad usage of the term "res judicata" to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). Under claim preclusion, a res judicata judgment on the merits precludes the parties from re-litigating matters that were or could have been raised in that action. Under issue preclusion, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes re-litigation of the same issue in a different cause of action between the same parties. Thus, res judicata used in the broad sense has two different aspects: a) foreclosure of litigating matters that have never been litigated but should have been advanced in the earlier suit; and b) foreclosure of re-litigating matters that have been previously litigated and decided. Donley v. Town of Amite City Mayor & Council , 2014-0169 (La. App. 1 Cir. 12/23/14), 2014 WL 7331949 (unpublished), writ denied , 2015-0351 (La. 4/24/15), 169 So.3d 363. As we discussed with regard to res judicata, the 22nd JDC criminal case and the civil matter before us do not involve the same parties or the same issue. Therefore, collateral estoppel does not bar any future registration requirements of Appellant.
CONCLUSION
For the above and foregoing reasons, the May 2, 2017 judgment maintaining the *640 peremptory exception raising the objection of peremption and dismissing the suit with prejudice is affirmed. Costs of this appeal are assessed against appellant, Kevin Quartrevingt.
AFFIRMED.

There was no notification in the record for any time in the year 2006. However, Appellant admitted he was notified.

Pursuant to La. R.S. 15:544 and La. 15:542.1, Louisiana has a 3-tier classification system for sex offenders.

At the time of the notification, the version of La. R.S. 15:544 in effect provided that Tier I offenses included any offenses other than those defined in La. R.S. 15:541 as "aggravated offenses" or "sexual offenses against a victim who is a minor" and required a fifteen year registration period and annual in-person registration renewals. Tier II offenses were those in which the victim was a minor and required a twenty-five year registration period and semi-annual in-person registration renewals. Tier III offenses included offenses defined in La. R.S. 15:541(1) as an "aggravated offense" and required a lifetime registration period and in-person registration renewals every three months. La. R.S. 15:544 as amended by 2008 La. Acts, No. 816, § 1; La. R.S. 542.1.1.

Although in its oral reasons, the trial court refers to the date as February 7, 2014, the actual date of the motion to quash in the 22nd JDC criminal case was February 6, 2014.

Megan Kanka was a seven-year-old New Jersey girl who was sexually assaulted and murdered in 1994 by a neighbor who, unknown to the victim's family, had prior convictions for sex offenses against children. The crime gave impetus to laws for mandatory registration of sex offenders and corresponding community notification. In 1994, Congress passed the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, Title 17, 108 Stat. 2038, as amended, 42 U.S.C. § 14071, which conditions certain federal law enforcement funding on the State' adoption of sex offender registration laws and sets minimum standards for state programs. By 1996, every state, the District of Columbia, and the federal government had enacted some variation of Megan's Law. See Smith v. Doe , 538 U.S. 84, 89-90, 123 S.Ct. 1140, 1145, 155 L.Ed.2d 164 (2003).

The definition of "sex offender" was redesignated from La. R.S. 15:542(E) to La. R.S. 15:541(14.1) by 2001 La. Acts, No. 1206, § 1. At time of Appellant's conviction, La. R.S. 15:541(14.1) applied to a conviction of "any provision of Subpart C of Part II or Subpart A(1) of Part V of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950." 2004 La. Acts, No. 888, § 2. Louisiana Revised Statutes 14:81.1 (pornography involving juveniles) was still included as a "sex offense."

The Bureau's 2010 determination was not altered by the amendment to La. R.S. 15:542.1.3(B) by 2012 La. Acts, No. 129, § 1, effective May 14, 2012, to reflect that if the registration and notification period required by the jurisdiction of conviction is a longer than would otherwise be required under Louisiana laws for a comparable Louisiana equivalent of the offense, the offender must register for the longer period of time. See La. R.S. 15:544(C) ; La. R.S. 15:542.1.3(B)(2)(c).

Louisiana Revised Statues 15:544.1 was amended by 2017 La. Acts, No. 307, § 1 and currently provides:
Any petition for injunctive relief or for declaratory judgment regarding the application or interpretation of the registration and notification requirements of this Chapter, other than the summary proceeding provided for in R.S. 15:542(F) and 544(E), shall be filed through ordinary civil proceedings in the district court for the parish where the state capitol is situated. Appeals from determinations made pursuant to R.S. 15:542.1.3 shall comply with the deadlines and other procedures as required by R.S. 15:542.1.3.

Adams was decided pursuant to La. C.C. art. 2286, which as redesignated as La. R.S. 13:4231 by Acts 1984, No. 331, § 7, eff. Jan. 1, 1985.