<u>**NOT DESIGNATED FOR PUBLICATION**</u>

# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## 2025 CA 0081

KEVIN QUATREVINGT

VERSUS

STATE OF LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,
THROUGH THE HONORABLE JAMES LEBLANC, SECRETARY, AND ST. TAMMANY PARISH
SHERIFF[']S OFFICE THROUGH RANDY SMITH, SHERIFF

Judgment Rendered: __SEP 1 9 2025__

\* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 751427

Honorable Kelly E. Balfour, Judge Presiding

\* \* \* \* \* \*

Kevin M. Quatrevingt
Covington, Louisiana

Plaintiff/Appellant
Pro se

Jason G. Hessick
Faye D. Morrison
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
State of Louisiana, Department of
Public Safety and Corrections

Andrew R. Capitelli
Kenneth R. Whittle
Andrew C. Wilson
Sarah F. Constantine
Joseph Thigpen
Paige S. Stein
Nicholas P. Isolani
Mandeville, Louisiana

Counsel for Defendants/Appellees
Randy Smith and St. Tammany Parish
Sheriff's Office

\* \* \* \* \* \*

BEFORE: McCLENDON, C.J., GREENE AND STROMBERG, JJ.

**McCLENDON, C.J.**

Kevin Quatrevingt appeals a judgment sustaining an exception raising the objection of res judicata and dismissing his suit. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

The facts and procedural history herein are synopsized from this court's prior opinion in **Quatrevingt v. State through Landry**, 2017-0884 (La.App. 1 Cir. 2/8/18), 242 So.3d 625, writ denied, 2018-0391 (La. 4/27/18), 239 So.3d 837 (hereinafter **"Quatrevingt I"**), which forms the basis of the exception raising the objection of res judicata herein.

This matter arises out of an incident wherein Mr. Quatrevingt pleaded guilty on January 24, 2006, in Military Court, to one count of conduct prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces under Article 134 of the Uniform Code of Military Justice. The conduct for which Mr. Quatrevingt pleaded guilty arose from possession of child pornography, resulting in his conviction and incarceration for approximately nine months in the State of Texas. Following his release, he was given notice by the federal government of his obligation to register as a sex offender in any state in which he would reside. On October 21, 2006, Mr. Quatrevingt returned to the State of Louisiana and was notified by the State that he was required to register as a Tier I sex offender.

Although Mr. Quatrevingt claimed to have complied with the registration, he pleaded guilty for failing to register as a sex offender between November 8, 2006, and May 3, 2007, in violation of LSA-R.S. 15:542. On November 3, 2008, Mr. Quatrevingt pleaded guilty in the matter entitled "State of Louisiana v. Kevin Michael Quatrevingt," Docket No. 438,897, Division "E" in the 22nd Judicial District Court for St. Tammany Parish, and was sentenced to serve two years imprisonment at hard labor.

On April 22, 2010, the Louisiana Department of Public Safety and Corrections, through Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information (the "Bureau"), provided Mr. Quatrevingt written notice that the Bureau had determined that his military conviction was comparable to and would equate to a conviction or adjudication of Possession, Production, and/or Distribution of Child

2

Pornography under LSA-R.S. 14:81.1. The Bureau explained that it determined him to be a Tier II offender under LSA-R.S. 15:544 and 15:542.1, which would require him to register in the State of Louisiana for a period of twenty-five years from his initial registration, with in-person renewals every six months. The written notice set forth the manner in which Mr. Quatrevingt could appeal the Bureau's determination by submitting a written request for an administrative hearing under LSA-R.S. 49:950, *et seq.* within one year from the Bureau posting its determination on the State Sex Offender and Child Predator Registry (the "Registry"). The Bureau posted its determination on April 22, 2010, and Mr. Quatrevingt did not request an administrative appeal.

On June 14, 2010, Mr. Quatrevingt was arrested for a second time for failing to register as a sex offender between May 17, 2010, and June 14, 2010, in St. Tammany Parish. Mr. Quatrevingt filed a motion to quash the prosecution in the matter entitled "State of Louisiana v. Kevin Michael Quatrevingt," Docket No. 493,820, Division "F" in the 22nd Judicial District Court for St. Tammany Parish (the "22nd JDC criminal case"). Following a hearing, the trial court granted the motion ruling that Mr. Quatrevingt's military conviction was not comparable to a sex offense in Louisiana.

Following the dismissal of the 22nd JDC criminal case, Mr. Quatrevingt sought to have his name removed from the Registry and the sex offender label removed from his driver's license. After the Bureau refused to remove his name, Mr. Quatrevingt filed a motion for clarification and request for removal in the 22nd JDC criminal case. On July 17, 2014, the court determined it had no jurisdiction to have Mr. Quatrevingt's name removed from the Registry and denied relief.

Thereafter, in 2015, Mr. Quatrevingt, seeking to have his named removed from the Registry, filed a petition and incorporated memorandum for writ of mandamus and declaratory judgment in the matter of "Kevin Quatrevingt v. State of Louisiana," Docket No. 2015-13724, Division "I" in the 22nd Judicial District Court for St. Tammany Parish (the "22nd JDC civil case"). The State filed several exceptions, and the trial court sustained the exceptions raising the objections of lack of subject matter jurisdiction and improper venue, stating that any concerns regarding the Registry were to be brought in the 19th Judicial District Court for East Baton Rouge Parish. Mr. Quatrevingt filed a writ

3

application, which this court denied as to the exception raising the objection of venue and granted as to the exception raising the objection of lack of subject matter jurisdiction. See **Quatrevingt v. Louisiana Attorney General**, 2016-0322 (La.App. 1 Cir. 4/21/16)(unpublished), writ denied, 2016-1173 (La. 10/10/16), 207 So.3d 409.

Subsequently, in 2017, Mr. Quatrevingt filed an "Emergency Petition for Extraordinary Relief in the Nature of a Writ of Mandamus, Temporary Restraining Order, Stay Order, and Preliminary Injunction," in Docket Number 654,843, Division "23" in the 19th Judicial District Court for East Baton Rouge Parish. Mr. Quatrevingt sought an injunction and requested a writ of mandamus be issued, directed to the Attorney General of the State of Louisiana, to cease infringing on his constitutional and codal rights, to enjoin the Attorney General from ignoring the ruling made in the 22nd JDC criminal case, to cease any and all present or future attempts to require him to register as a sex offender, and to cease any and all present or future attempts to arrest him for failing to register as a sex offender. The Bureau was not a named party, but intervened in the action.

In response, the State filed multiple exceptions, and the trial court, in a May 2, 2017 judgment, granted the peremptory exception raising the objection of peremption and dismissed Mr. Quatrevingt's petition with prejudice. Following the denial of a motion to reconsider, Mr. Quatrevingt appealed to this court.

On appeal, this court noted that the Bureau sent Mr. Quatrevingt notice on April 22, 2010. Therein, the Bureau indicated it determined under LSA-R.S. 15:542.1.3(B) Mr. Quatrevingt's military conviction was comparable to LSA-R.S. 14:81.1 (pornography involving juveniles), that he was required to register as a sex offender for twenty-five years with semi-annual reviews, and that he had one year to appeal this determination pursuant to LSA-R.S. 49:964 (recently redesignated as LSA-R.S. 49:978.1) in the 19th Judicial District Court. **Quatrevingt I**, 242 So.3d at 633. This court noted that Mr. Quatrevingt acknowledged receipt of this notification, but he did not appeal this determination. **Id.**

4

On appeal, this court also found that "[t]he trial court properly applied the applicable rules of peremption in determining that [Mr. Quatrevingt's] time period in which to appeal the Bureau's determination pursuant to La. R.S. 15:542.1.3 expired and his right to challenge the Bureau's determination extinguished." **Id.** at 635. Accordingly, this court concluded that Mr. Quatrevingt's right to challenge the classification determination was lost, and as such, affirmed the trial court's judgment granting the exception raising the objection of peremption. **Id.**

On July 30, 2024, Mr. Quatrevingt filed the underlying "Emergency Petition for Extraordinary Relief in the Nature of a Writ of Mandamus, Temporary Restraining Order, Preliminary Injunction, Permanent Injunction and Judicial Review of Validity or Applicability of Rules," naming the Louisiana Department of Public Safety through its Secretary, James LeBlanc (the "Department"), and the St. Tammany Parish Sheriff's Office, through Sheriff Randy Smith (the "STPSO"), as defendants. Relying on the ruling from the 22nd JDC criminal case, he sought to have the defendants "cease any and all present or future attempts to require [Mr. Quatrevingt] to register as a sex offender and or notify the public that he is a sex offender[.]"

In response, the Department filed, among other exceptions, a peremptory exception raising the objection of res judicata. Following a hearing on the Department's exceptions and Mr. Quatrevingt's request for preliminary injunction, the trial court signed a judgment on October 10, 2024, which granted the exception raising the objection of res judicata and dismissed Mr. Quatrevingt's suit "i[n] its entirety, WITH PREJUDICE."[1]

Mr. Quatrevingt has appealed the October 10, 2024 judgment, asserting that the trial court erred in 1) granting the exception raising the objection of res judicata; 2) not allowing him to argue exceptions to res judicata; and 3) not granting the relief he requested in his petition.

## LAW

Res judicata bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit. **Pierrotti v. Johnson**, 2011-1317 (La.App. 1 Cir.

---

[1] Although the STPSO did not file its own exception raising the objection of res judicata, the exception can be noticed by the trial court on its own motion. See LSA-C.C.P. art. 927(B).

3/19/12), 91 So.3d 1056, 1063. It promotes judicial efficiency and final resolution of disputes. **Id.** Louisiana Revised Statutes 13:4231 addresses res judicata, and provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Thus, under LSA-R.S. 13:4231, all of the following criteria must be satisfied in order for res judicata to preclude a second action: (1) the first judgment is valid; (2) the first judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. **Burguieres v. Pollingue**, 2002-1385 (La. 2/25/03), 843 So.2d 1049, 1053.[2]

The burden of proving the facts essential to sustaining the objection of res judicata is on the party pleading the objection. **Pierrotti**, 91 So.3d at 1063. The concept should be rejected when doubt exists as to whether a plaintiff's substantive rights actually have been previously addressed and finally resolved. **Id.** The res judicata effect of a prior judgment is a question of law that is reviewed de novo on appeal. **Id.**

## DISCUSSION

On appeal, Mr. Quatrevingt asserts that he "seeks to get into Court and obtain a declaration of rights pursuant to the 2014 decision and stop [defendants] from violating

---

[2] Similarly, LSA-C.C.P. art. 425(A) provides that "[a] party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." Because Article 425 is enforced through res judicata, all five elements of res judicata must apply for preclusion under Article 425 to apply. See **Carollo v. Department of Transportation and Development**, 2021-01670 (La. 9/9/22), 346 So.3d 751, 763.

6

[his] rights" and avers that the defendants "have successfully avoided this by asserting Peremption … ." Mr. Quatrevingt also asserts that "[t]he current state of litigation is that [he] hasn't committed a sex offense (per a final judgement), but [he] cannot stop [defendants] from placing him on the registry and arresting him for failing to comply with the requirements because he cannot get into Court based on Res Judicata." Mr. Quatrevingt maintains that "[t]he fact that the State continues to harass and arrest [an] individual for registration violations which a Court has determined is not applicable to that individual should be enough of a dispute to overcome Res Judicata." Further, Mr. Quatrevingt avers that the State never appealed the 22nd JDC's criminal ruling, "yet [the defendants] continue to assert they don't agree with it and therefore don't have to comply." Mr. Quatrevingt avers that the Louisiana Constitution is not to protect the State—but protect the citizens from the State's overreaching.

In response, both the Department and the STPSO contend that the instant suit is barred by res judicata as the issues and facts presented are identical to those previously litigated to a final judgment in **Quatrevingt I**. The STPSO notes that in **Quatrevingt I** and in the current suit, Mr. Quatrevingt sought removal from the sex offender Registry. The STPSO also notes that in **Quatrevingt I**, this court found that Mr. Quatrevingt's right to challenge his sex offender registration extinguished one year from the date the Bureau posted its determination because he did not administratively appeal the Bureau's determination during that time period. See **Quatrevingt I**, 242 So.3d at 635. It is the STPSO's position that the Bureau's decision became final in 2018 when the Louisiana Supreme Court denied Mr. Quatrevingt's writ application.

Moreover, the appellees note that, at the hearing on the exception, Mr. Quatrevingt argued that his claim should not be dismissed because it was based on LSA-R.S. 49:963 (redesignated as LSA-R.S. 49:968) as opposed to the grounds previously raised under LSA-R.S. 49:964 (redesignated as LSA-R.S. 49:978.1). However, appellees note that the trial court recognized that Mr. Quatrevingt's petition does not specifically state any claims under LSA-R.S. 49:963 (redesignated as LSA-R.S. 49:968). Further, the appellees contend that the trial court properly found that under the doctrine of res judicata, any claim under LSA-R.S. 49:963 could have and should have been brought in

7

**Quatrevingt I.** Accordingly, the appellees argue that this court should affirm the trial court's judgment.

At the outset, we note that Mr. Quatrevingt points to nothing in the hearing transcript to support his second assignment of error that the trial court limited his argument on res judicata. Moreover, our review of the transcript reflects the trial court allowed Mr. Quatrevingt to argue every point he requested at the hearing, even granting Mr. Quatrevingt's request to rebut the defendants' position after they completed their arguments and apologizing to Mr. Quatrevingt for cutting him off at one point and thereafter allowing Mr. Quatrevingt "to keep going" until he finished his argument. As such, Mr. Quatrevingt's assignment of error that his res judicata argument was limited is without merit.

With regard to the merits of res judicata, we note that the first and second of the five criteria recognized in **Burguieres** are clearly met—i.e., the first judgment from **Quatrevingt I** is valid and final. As noted above, on February 8, 2018, this court affirmed the trial court's May 2, 2017 judgment on peremption. **Quatrevingt I**, 242 So.3d at 639-40. The Louisiana Supreme Court subsequently denied writs from this court's ruling on April 27, 2018. Accordingly, the May 2, 2017 judgment became "final and definitive" on May 4, 2018, or five days after the Louisiana Supreme Court mailed the denial of Mr. Quatrevingt's application for certiorari. See LSA-C.C.P. art. 2166(E) ("When an application for certiorari to the supreme court is timely filed, a judgment of the court of appeal becomes final and definitive after a delay of five days, exclusive of legal holidays, commencing to run on the day after the clerk has mailed the denial by the supreme court of the application for certiorari.") As such, the first two **Burguieres** factors are met.

The fourth and fifth criteria, i.e., the cause of action existed at the time of final judgment of the first litigation and the cause of action asserted in the second suit arose out of the transaction or occurrence of the first litigation, are also met. Specifically, all claims Mr. Quatrevingt has made existed at the time the final judgment was rendered in

8

**Quatrevingt I.**[3] Mr. Quatrevingt does not indicate why he was precluded from asserting those claims in **Quatrevingt I**. See LSA-R.S. 13:4231(2). Accordingly, the last two **Burguieres** criteria are met.

The third criterion requires that the parties be the same. Clearly, the plaintiff, Mr. Quatrevingt, is the same in both actions. Moreover, the Department is a party in both suits.[4] We note, however, that the STPSO was not a party in **Quatrevingt I** nor is the STPSO considered a party for res judicata purposes simply because other state entities were involved in **Quatrevingt I**. See **Ward v. State, Department of Transp. & Development (Office of Highways)**, 43,948 (La.App. 2 Cir. 1/28/09), 2 So.3d 1231, 1235 n.3, writ denied, 2009-0431 (La. 4/17/09), 6 So.3d 791. Even so, a non-party can be deemed a party for res judicata purposes when the non-party's interests are adequately represented by a party to the prior action. This occurs when the party can be considered the "virtual representative" of the non-party because the interests of the two are so closely aligned. See **Forum for Equality PAC v. McKeithen**, 2004-2551 (La. 1/19/05), 893 So.2d 738, 745.

Herein, the Bureau is the entity vested with the duty to "establish and maintain a central registry of sex offenders[.]" LSA-R.S. 15:578(A)(7). Further, the Bureau is also required to determine "which time period of registration" is applicable to individuals

---

[3] On appeal, Mr. Quatrevingt contends that his claims are not time barred because the Department's "actions were unconstitutional and exceeded the statutory authority of the agency," and he references LSA-R.S. 49:963 (redesignated as LSA-R.S. 49:968). However, Mr. Quatrevingt's claims all challenge the Bureau's determination that he is a Tier II sex offender, which this court has already found to be time barred. Clearly, classification of an offender falls within the scope of the Bureau's authority. See LSA-R.S. 15:542.1.3(B)(2)(a). By contrast, LSA-R.S. 49:963 (redesignated as LSA-R.S.49:968) applies when the validity or applicability of a rule is being challenged and an action for a declaratory judgment may be filed in the district court of the parish in which the agency is located. See LSA-R.S. 49:968(A)(1). The court shall declare the rule invalid or inapplicable if it finds that the rule: (1) violates constitutional provisions, (2) exceeds the statutory authority of the agency, or (3) was adopted without substantial compliance with the rulemaking procedures. LSA-R.S. 49:968(C). See **June Medical Services, LLC v. Louisiana Department of Health**, 2019-0191 (La.App. 1 Cir. 3/4/20), 302 So.3d 1161, 1163 n.2. None of Mr. Quatrevingt's allegations fall within those provisions.

[4] The Department alleged that in this underlying suit, Mr. Quatrevingt incorrectly named the Secretary of the Department as the legal entity that is responsible for maintenance of the Registry. However, the Department averred that the proper legal entity is the Louisiana Department of Public Safety and Corrections, Office of State Police, Bureau of Identification and Information. See LSA-R.S. 15:541(3), LSA-R.S. 15:542.1.3, and LSA-R.S. 15:577(A). In any event, in the first suit, the Louisiana Department of Public Safety and Corrections, through Public Safety Services, Office of State Police, Bureau of Criminal Identification and Information intervened in and was a party to the action, while here the named defendant is the Department through its Secretary. **Quatrevingt I**, 242 So.3d at 629, 631. We find that these defendants share an identity of parties for purposes of res judicata. See **Welch v. Crown Zellerbach Corp.**, 359 So.2d 154, 156 (La. 1978). ("There exists an identity of parties whenever the same parties, their successors, or others appear so long as they share the same 'quality' as parties.")

convicted under military law. See LSA-R.S. 15:542.1.3(A). By contrast, the statutory duty of a Louisiana sheriff with respect to the state's sex offender registry scheme is primarily to serve as the local entity with whom an offender in the sheriff's jurisdiction registers. See LSA-R.S. 15:540, *et seq.* A Louisiana sheriff has no authority to determine who is required to register, and his duty only arises following a determination from the Department, through the Bureau, that an offender is required to register. Nevertheless, the underlying claim against the Department is the essence of the litigation, and the STPSO's interests in that regard were aligned with the Department in the prior litigation such that the Department was the STPSO's "virtual representative." Accordingly, we conclude that the STPSO is to be considered a party for purposes of res judicata.[5] Therefore, the third criterion has been met.

Because all five criteria recognized by the **Burguieres** court are met, we find no error in the trial court's judgment granting the exception raising the objection of res judicata and dismissing Mr. Quatrevingt's suit.

## CONCLUSION

For the foregoing reasons, we affirm the district court's October 10, 2024 judgment. Costs of this appeal are assessed to appellant, Kevin Quatrevingt.

**AFFIRMED.**

---

[5] We further note that Mr. Quatrevingt's claims against the STPSO appear to be perempted. Although this court can raise this exception on its own motion under LSA-C.C.P. art. 927(B), we find it unnecessary to do so given our ruling herein.